ARKANSAS PUBLIC SERVICE COMMISSION *v.* ARKANSAS-MISSOURI POWER COMPANY.

4-9727                                   246 S. W. 2d 117

Opinion delivered February 18, 1952.

*Fitzhugh & Cockrill,* for appellant.

*P. A. Lasley, House, Moses & Holmes, Herbert L. Branan, Rainey, Flynn, Green & Anderson, Wallace Townsend* and *Richard L. Arnold,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Arkansas Electric Cooperative Corporation, hereinafter called "Arkansas Electric," is an electric cooperative formed under Act 342 of 1937 (Ark. Stats., §§ 77-1101 *et seq.*) by three REA distribution cooperatives in Northwest Arkansas. Appellees, Arkansas-Missouri Power Company, Arkansas Power & Light Company, Southwestern Gas & Electric Company, and Oklahoma Gas & Electric Company, hereinafter called "Companies," are private electric utility companies operating in this state.

On August 11, 1951, the Arkansas Public Service Commission, hereinafter called "Commission," issued its order granting Arkansas Electric a certificate of public convenience and necessity for the construction and operation of a steam electric generating plant and transmission facilities near Ozark, Arkansas. On September 6

the Companies filed and were granted an appeal from the Commission's order to the Circuit Court of Pulaski County under Ark. Stats., § 73-133. On September 11 the Companies also filed a petition for review of the Commission's order in the Pulaski Circuit Court pursuant to § 73-233.

On September 13, 1951, the Companies filed in the circuit court an application to suspend and stay the order of the Commission and to enjoin Arkansas Electric from taking any steps toward construction of the generating plant and transmission system pending the hearing and determination of the review in circuit court. At a preliminary hearing on September 18, it was agreed that the application for stay and injunction should be continued for further hearing on September 29.

On September 20 the Companies filed a verified supplemental motion for temporary stay and injunction. Exhibited with the motion were copies of certain press releases in support of allegations that the directors of Arkansas Electric, at a meeting on September 17, had let contracts for the construction of the generating plant and transmission system and were seeking REA approval of such contracts prior to the scheduled hearing on September 29. Upon presentation of the supplemental motion on September 20, the court entered an order which recites: "Good cause having been shown for the issuance of such temporary order, it is therefore CONSIDERED, ORDERED AND ADJUDGED that until further orders of this Court, the order of the Public Service Commission issued in the cause and on the date aforesaid be, and the same is, hereby suspended and stayed, and that the Arkansas Electric Cooperative Corporation be, and its officers, agents, attorneys, servants, and employees are hereby enjoined from taking any steps or action preliminary to or in preparation for the contracting for, or the construction of, the transmission system or the steam electric generating plant authorized by the order of the Public Service Commission aforesaid.

"The applicants shall post bond approved by the Clerk of this Court in the sum of $25,000, conditioned that they will pay to the Arkansas Electric Cooperative Corporation all damages which it may sustain by reason of the issuance of this order, if it is finally determined that it was wrongfully issued." The bond set by the court was duly filed.

On September 27 Arkansas Electric filed answer and response alleging that the appeal or review, as well as the applications for stay and injunction, were sought by the Companies under § 73-133; that the court was without jurisdiction to consider said matters under said statute; that the temporary order of September 20 was also void because it was issued without notice; and that the amount of the bond fixed by said order was ridiculously low.

After a hearing on September 29 consisting of a colloquy between court and counsel which covers forty-seven pages of the transcript, the circuit court entered a permanent order continuing in effect the order of September 20 and the $25,000 bond issued pursuant thereto. The permanent stay order also directed the filing of additional bond in the sum of $75,000 to secure Arkansas Electric against damages which it might sustain by reason of the issuance of the order, but provided that the liability of the Companies, as principals upon said bonds, should not be limited to $100,000. This appeal is prosecuted by Arkansas Electric pursuant to Ark. Stats., § 27-2102 from the interlocutory orders of September 20 and 29.

Arkansas Electric contends that both orders and the pleadings upon which they are based were made pursuant to, and in specific reliance upon §§ 73-133 *et seq.* which apply only to cases involving carriers, and that said proceedings should be brought under §§ 73-233 *et seq.* which deal with reviews of orders affecting certain public utilities including electricity. Hence, says appellant, the circuit court was without jurisdiction and both orders are void.

As previously indicated, the petition for review of the Commission's order of August 11, 1951, filed by the Companies on September 11 was based on § 73-233 and so states. It is true that the Companies had, on September 6, also filed motion for appeal under § 73-133. Thus, the Companies have pursued both statutes in seeking a review and vacation of the Commission's order by the circuit court. In the application for stay and injunction filed September 13 the Companies incorporated therein by reference the petition for review filed September 11 and also asserted that an appeal had been taken under the procedure prescribed in § 73-133. We think the allegations of the petition for stay and injunction were broad enough to invoke the provisions of both statutes and that the Companies did not base their petition on § 73-133 alone as contended by appellant.

It should also be observed that the circuit court is authorized by both statutes to make interlocutory orders, such as are involved here, during the pendency of the proceedings for review. Section 73-133 contains a provision as follows: "Upon the filing of the aforesaid motion of said appeal and at any time thereafter the said circuit court or its circuit judge shall have the right to issue such temporary or preliminary orders as to it or him may seem proper until final decree is rendered." Section 73-234 provides: "The pendency of proceedings to vacate or review shall not of itself stay or suspend the operation of the order of the Department [Commission], but during the pendency of said proceedings to vacate or review, the court, in its discretion, may stay or suspend in whole or in part the operation of the Department's [Commission's] order on such terms as it deems just, and in accordance with the practice of court's exercising equity jurisdiction. Any party shall have the right to secure from the court in which a vacation or review of the order of the Department [Commission] is sought, an order suspending or staying the operation of an order of the Department [Commission] pending the trial of the cause, by adequately securing the other parties against loss due to the delay in the enforcement of the order, in case the order involved is affirmed; the security to

take such form as shall be directed by the court granting the stay or suspension.''

At the hearing on September 29 the circuit court declined to determine which of the two statutes should be applied in a review of the Commission's order of August 11, 1951. In refusing to designate the applicable statute at that stage of the proceedings, the court said: ''As I understand, the issuance of this stay order in no way goes to the merits of the case. The statutes delineate the scope of review and since both statutes authorize temporary orders and it seems to me it makes no particular difference which one it is issued under.'' We concur in this view. Since it was unnecessary for the court to determine which statute should govern in order to dispose of the issues then presented, our determination of the question at this time would be tantamount to the entry of a declaratory judgment on an issue which the trial court has not yet determined. The matter of scope of review is one that the circuit judge must determine when the review is heard on its merits and his action in the premises may be challenged when a final and appealable order is properly presented to this court. While § 27-2102, *supra,* authorizes appeals from interlocutory orders, it does not authorize an appeal from an order that has not yet been made and which the court was not required to make in adjudicating pending issues.

Appellant also argues that the orders of September 20 and 29 are void because of lack of notice of the proceedings on September 20. Appellant relies on Ark. Stats., § 32-203 which provides that an injunction to stop the general and ordinary business of a corporation can only be granted upon reasonable notice. This section should be considered in connection with § 32-201 which provides: ''The court or judge, to whom an application for an injunction is made, may direct a reasonable notice to be given to the party against whom the injunction is asked to attend and show cause against it at a specified time and place, and may, in the meantime, restrain such party.'' It is conceded that appellant had proper notice of the hearing on September 29 which led to the issuance

of the permanent order. The granting of a temporary restraining order is, to a large extent, a matter within the sound discretion of the trial court, and this court ordinarily will not interfere, unless it appears that the trial court has abused its discretion. *Jones* v. *Bartlett,* 209 Ark. 681, 191 S. W. 2d 967. Without detailing the efforts made by appellees in their attempt to notify appellant of the hearing on September 20, it is sufficient to say that the trial court did not abuse its discretion in holding that good cause was shown for issuance of the temporary order. The order of September 20 merely maintained the *status quo* until a formal hearing could be had and was superseded by the permanent order made on September 29.

It is also insisted that a bond of $100,000 is inadequate to cover probable damages to Arkansas Electric in the event it should be determined that the stay and restraining orders were improperly granted. The only element of damages suggested at the hearing on September 29 related to estimates of price rises during the prospective three- or four-year period of plant construction as reflected in the record before the Commission. It appears that a witness for the Companies made an estimate of approximately $850,000 while engineers for Arkansas Electric gave a figure of $156,400. Oddly enough each side, for purposes of this appeal, is more than willing to accept the estimate given by the other. It should be noted that the estimates are for the entire construction period, while we are here dealing with a delay occasioned by a stay which should be of a much shorter duration. The bond fixed is open-end as to the Companies' liability and the penalty of $100,000 applies only as to the liability of the surety. Under the circumstances presented, we cannot say that the amount fixed is unreasonable.

We agree with appellant's contention that the injunctive features of the order of September 29 are unreasonably broad in that Arkansas Electric is restrained from taking *any* preliminary steps or action toward construction of the proposed facilities. Counsel for the

Companies conceded at the hearing that Arkansas Electric should not be restrained from procuring REA approval of engineers selected for the project. Counsel for Arkansas Electric admit that no loan funds can be forthcoming from REA to a restrained borrower. The order of September 29 will be modified so as to restrain Arkansas Electric from construction, or the letting of contracts for construction of, the proposed facilities. With this modification, the orders appealed from are affirmed.