ARKANSAS ELECTRIC ENERGY CONSUMERS *v.*
ARKANSAS PUBLIC SERVICE COMMISSION

CA 90-276                                        791 S.W.2d 719

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1990

*Kirkland & Ellis*, by: *Stephen A. Herman*; and *Rose Law Firm, A Professional Association*, by: *Herbert C. Rule III* and *Stephen N. Joiner*, for appellant.

*Friday, Eldredge & Clark*, by: *Michael G. Thompson*; and *Mitchell, Williams, Selig & Tucker*, by: *Kent Foster* and *E.B. Dillion, Jr.*, for appellee Arkansas Power and Light Company.

*Staff of the Arkansas Public Service Commission*, by: *Gilbert L. Glover*, Staff Chief Counsel, for appellee Arkansas Public Service Commission.

PER CURIAM. On June 28, 1990, appellant, Arkansas Electric Energy Consumers (AEEC), a voluntary unincorporated association of large customers of appellee Arkansas Power and Light Company (AP & L), filed a Notice of Appeal with this Court, seeking review of certain actions of appellee Arkansas Public Service Commission (APSC). Appellant concurrently requested a stay of portions of the order appealed pending eventual resolution on the merits. Appellee AP & L, the moving party below, and appellee APSC, here to defend its order, filed their responses to appellant's stay request on July 2, 1990. The only other party below, the Arkansas Attorney General, also an appellee, has elected not to file with this Court any response to the appellant's stay request. While oral argument was requested, we

note that expeditious resolution of APSC appeals is required by Ark. Code Ann. Section 23-2-423(d) (1987) and observe that the parties filed excellent and comprehensive briefs. Therefore, we have elected to forego oral argument as all issues have been thoroughly treated to our satisfaction by the parties.

First, appellant requests that this Court stay that part of the APSC's order allowing AP & L to transfer management responsibility for its Arkansas Nuclear One (ANO) nuclear plants at Russellville to a sister management corporation, a move which was accomplished as of June 6, 1990. Second, appellant requests a stay of that part of the APSC's order allowing it to transfer its ownership interests in the Independence Steam Electric Station 2 (ISES 2) and the Ritchie 2 generating facilities, a transfer approved by all regulatory agencies except the Securities and Exchange Commission of (SEC), whose approval is expected momentarily. AP & L asserts, and appellants do not dispute the assertion, that it will close the sale immediately upon SEC approval.

Appellant contends that its members and consumers of AP & L will be irreparably harmed if the APSC's order is not stayed as requested. It claims that AP & L could lose control of ANO and that the APSC could lose jurisdiction over its operations and contends that the sale of ISES 2 and Ritchie 2 would be detrimental to it and other AP & L customers. Appellant claims it is likely to succeed on the merits and that any harm AP & L may suffer if the order is stayed would be minimal.

AP & L, on the other hand, claims that it will be harmed to the extent of nearly $2 million per month for each month the sale is delayed and claims it would lose a substantial amount of interest expense if it is unable to close the sale and pay off 14% bonds used to finance ISES 2. AP & L is joined in its position by the APSC, and both argue appellant's likelihood of success on the merits is slim.

All parties agree that the analysis to be applied in determining whether a stay should be granted is that set forth in *Corning Savings and Loan Association* v. *Federal Home Loan Bank Board,* 562 F. Supp. 279 (1983), which relied upon *Dataphase, Inc.* v. *C.L. Systems, Inc.,* 640 F.2d 109 (1981). Quoting *Dataphase,* the *Corning* opinion noted the factors to be

considered in determining the propriety of a stay:

> "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc.* v. *C.L. Systems, Inc.,* 640 F.2d 109, 113 (1981).

*Corning* at 281. *See Arkansas Public Service Commission* v. *Arkansas-Missouri Power Company,* 220 Ark. 39, 246 S.W.2d 117 (1952). In *Dataphase,* the Court observed: "[a]t base, the question is whether the balance of the equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." 640 F.2d at 113.

We observe that AEEC sought a stay before the APSC on virtually identical grounds and note that the APSC, which had heard all of the evidence below and is directed by the General Assembly to apply its particular expertise to these unique cases, denied a stay of its order. We are not at this juncture persuaded that decision was erroneous. We hold that appellant has not met its heavy burden of proof of its entitlement to a stay and accordingly deny the motion to stay the APSC's order.

■ Without belaboring all aspects of the voluminous pleadings and briefs filed herein, we observe that any harm AEEC may suffer if the APSC's order is not stayed is not quantifiable and is subject to some degree of conjecture. On the other hand, it is virtually undisputed that AP & L is incurring unreimbursed additional expenses of nearly $2 million per month because of the expiration of a contract to sell power from ISES 2, and that these expenses are highly likely to continue if the sale is not completed. The likelihood of success on the merits is difficult to assess in a case as complicated and voluminous as this. We note, however, that this Court's scope of review is narrowly defined and limited by Ark. Code Ann. Section 23-2-423(c)(3), (4), and (5) (1987), which leaves an appellant with a heavy burden on appeal. Finally, we are not at this juncture persuaded that the public interest would best be served if the order is stayed. Indeed, the order appealed from takes into account the public interest and has found it to be served by the sale of the plants and transfer of ANO management.

218

Because we cannot say at this time that appellant has met its burden, the motion for a stay is accordingly denied.

Denied.

MAYFIELD, J., concurs.