RIGGS *v.* HILL.

4-6079                                        144 S. W. 2d 26

Opinion delivered October 28, 1940.

*Franklin Wilder* and *Roy Gean,* for appellant.

*Pryor & Pryor,* for appellee.

MEHAFFY, J. Appellants instituted this action in the Sebastian chancery court, alleging that the appellants are the owners of the northwest one-half of lots 5 and 6, block 23, city of Fort Smith, Arkansas, and that the appellees and others are constructing a wall along the south part of the west half of appellants' lot 5, and are encroaching upon appellants' property on the south line six inches on the ground of said rock wall and four and a half inches near the second story elevation of said wall, being an encroachment on the southeast corner on the northwesterly half of lot 5. On the appellants' property is located a two-story brick apartment house and the appellees are so constructing the wall as to cut out light and air to the appellants' apartment house which has stood on appellants' premises for many years, and damaged the roof of said apartment house and the supports underneath said roof to such an extent as to cause rain and water to come through the roof and leak and damage the inside of appellants' property, and said construction is such as to cause water to flow off the roof of appellants' house and flood the lower floor, all of which is a continuing nuisance and trespass against the rights of appellants. The complaint alleged that the appellees are insolvent and committing irreparable damage and harm and have destroyed the market and usable value of said apartment to their damage in the sum of $5,000.

A temporary restraining order was issued by the court, and appellees thereafter filed a motion to dissolve this order. Evidence was taken on the motion, and the court granted the motion and dissolved the temporary restraining order. The appellants excepted and prayed an appeal to the Supreme Court, which was granted.

After filing the transcript in this case, the appellants moved this court to grant a temporary restraining order, which motion was denied.

Section 7507 of Pope's Digest provides for appeals where, upon hearing in the circuit or chancery court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, etc., that an appeal may be taken from such interlocutory order or decree.

It is contended by the appellee that this statute is unconstitutional.

In the case of *Page* v. *McKinley*, 196 Ark. 331, 118 S. W. 2d 235, this court had occasion to pass on § 7507 of Pope's Digest, and stated: "It provides that an appeal may be taken where the circuit or chancery court or a judge thereof in vacation refuses an application to dissolve or modify an injunction, among other things. This act is specific authority for the right to appeal from an order refusing to dissolve an injunction. . . . The appeal is not from the restraining order granted on March 3, but is from the order refusing to dissolve the restraining order, which was made on April 9, and the transcript was lodged in this court on the same date. Therefore, the appeal was filed within apt time."

The chancellor found that the building under construction by appellees was begun in November, 1939; that the property is owned by the State of Arkansas and work being done by WPA forces of the federal government, and it is estimated that the approximate cost of the building will be about $33,000. The lot on which the building is being constructed adjoins the property of the plaintiffs, and just before starting the work on the building the city engineer made a survey and located what purported to be the lines of the lot on which the building

was to be erected; plaintiff knew this and saw where the foundation was being erected up to and including the second story thereof; they made no objection or claim of encroachment upon their property during this period of about five months. The court also held that after the building had gone up a certain distance there was some contention about water damage to plaintiffs' building; that a purported settlement of this trouble was made, and plaintiffs signed an agreement not to claim any title by adverse possession to the armory property; the court held it was not clear just what the parties had in mind, and that he is not now determining whether they are estopped from claim of encroachment; that part of the property of the armory is located across the plaintiffs' property; the court also held that the encroachment on plaintiffs' property came about by mutual mistake, and that it would not be equitable to compel the state, or whoever would be responsible, now to remove the property; that the erection of the building has gone to such an extent that this would incur large expense and loss; that the damage, in so far as taking the land was concerned, was very small, and that if the building had been erected entirely on the state's land it would have made no material difference as to light and air. The court held in considering the whole situation, that it believed that whatever right of action plaintiffs would have would be in a court of law, and dissolved the temporary restraining order.

The findings of the chancellor are supported by the evidence taken, and there is no dispute about that. There is, therefore, no reason to copy the evidence.

It is next contended by appellants that they are not estopped by any agreement to maintain this action. That may be true, but the court below did not decide this question.

It is true that under our constitution no person can be deprived of his property without due process of law, and it is also true that the constitution provides that every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property, or character. Const. art. 2, §§ 8, 13.

The undisputed facts in this case show that a survey was made by the city engineer and the appellees went to work constructing the buildings, and for five months neither of the parties thought that they were encroaching on appellants' land, but the encroachment was by mutual mistake. The evidence also shows that at the time it was discovered there was an encroachment on appellants' property, the building had not only been under construction for about five months, but that the second story had been erected; the encroachment is very slight, about six inches at its widest place, and the chancellor took all these facts into consideration. After a full hearing, the chancellor entered an order dissolving the temporary restraining order, and this appeal is prosecuted to reverse that holding of the chancery court.

While this court has a right, under the statute quoted, to review the action of the chancellor in dissolving the injunction, it must be remembered that it is the function of the trial court to judge of the sufficiency of the evidence and to give the evidence such weight as it finds it entitled to receive. The appellate court will not substitute its judgment for that of the trial court and will not reverse if the trial court has not abused its discretion.

"The granting or refusing of injunctive relief rests within the judicial discretion of the trial court, and its action in the matter will be sustained on review by an appellate court, where the power has not been abused. Ordinarily, it is sufficient if a transaction is shown which makes a proper subject for investigation in a court of equity. The rule applies to the grant or denial of a preliminary injunction, and to rulings on motion to dissolve the injunction. Such orders will not be disturbed on review unless they are contrary to some rule of equity, or the result of improvident exercise of judicial power." 28 Am. Jur., 500, 501.

The case is pending before the trial court where the chancellor has all the facts, and the granting or dissolution of a temporary restraining order is within the discretion of the trial court. He can, at any time, make such orders as appear necessary to protect the interest of the

parties, and his action will not be disturbed by this court unless it appears that the chancellor abused his discretion.

We do not think the chancellor abused his discretion in this case, and the decree is, therefore, affirmed.