JONES *v.* BARTLETT.

4-7813                                    191 S. W. 2d 967

Opinion delivered January 28, 1946.

*A. D. Chavis,* for appellant.

*J. Bruce Streett,* for appellee.

Rorins, J. Appellant was made a defendant in an action brought in the lower court in March, 1944, by appellees, in which appellees asserted title to eighteen acres in a square in the southeast corner of the southeast quarter of the northwest quarter of section 35, township 12, south, range 18, west. Appellant filed answer, in which he claimed ownership of one acre of the tract involved.

A decree was rendered in that case on February 7, 1945, under which appellees were adjudged to be the owners of the land and a writ of assistance, to enable appellees to obtain possession of the land was awarded.

No appeal was taken from this decree, but in August, 1945, another suit was filed in the same court, in which appellant and others were plaintiffs and appellees were made defendants. In this last suit there is involved the title to the same land as that involved in the earlier case.

After the institution of the second suit, appellees, successful parties plaintiff in the first suit, had the clerk issue, under the provisions of the decree in their favor, a writ of assistance directed to the sheriff for the purpose of putting appellant off the land held by him under his claim of title, which was decided adversely to him by the court in the first case.

Appellant thereupon filed a petition, in which he set up that he did not appeal from the decree in the first case "because all of the heirs and interested parties in said lands were not made parties to this suit; that a new suit has been filed and is now pending in this court, involving the same land and the same issues, together with some new issues." The prayer of appellant's petition was that appellees and the sheriff be restrained from serving or enforcing the writ of assistance until disposition of the second case.

On hearing of appellant's petition the lower court made an order denying the temporary injunction. To reverse that order appellant prosecutes this appeal.

Apparently no evidence was offered at the hearing of the application for temporary injunction—in any event no such evidence is shown in the record before us.

Appellant argues that the lower court should have granted the temporary injunction under the provisions of § 7508, Pope's Digest, which is as follows: "Where it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act which could produce great or irreparable injury to the plaintiff, or where, during the litigation, it appears that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act, in violation of the plaintiff's rights, respecting the subject of the action and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. It may also be granted in any case where it is specially authorized by statute."

This statute, of course, merely authorizes the granting of a temporary restraining order in cases where a proper showing therefor is made.

The granting of a temporary restraining order is, to a large extent, a matter within the sound discretion of the trial court, and this court ordinarily will not interfere in such cases, unless it appears that the trial court has abused its discretion. *Riggs* v. *Hill,* 201 Ark. 206, 144 S. W. 2d 26. There is nothing in the record before us to indicate that the trial court, in denying the application of appellant for temporary restraining order, acted arbitrarily or abused its discretion in any respect.

The order appealed from is therefore affirmed.