SCRIVNER *v.* PORTIS MERCANTILE COMPANY.

4-9844                                    250 S. W. 2d 119

Opinion delivered June 30, 1952.

*Ed B. Cook,* for appellant.

*John S. Mosby* and *James E. Hyatt, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a controversy between rivals who seek to lease, for farming purposes, certain sixteenth section school lands, title to which is still in the State. In 1951 the directors of Etowah School District offered the property for lease to the highest bidder. The appellant David Scrivner and the appellee Portis Mercantile Company submitted the only two bids. The directors accepted the Portis bid, but when the company's subtenants went to take possession of the property they found that Scrivner had already put tenants of his own on the land.

This suit was then filed by Scrivner and others, as taxpayers, against Portis, its subtenants, and the directors of Etowah and other interested school districts. The theory of the complaint is that there is no statutory authority for the leasing of sixteenth section school lands; the prayer is that the defendants be enjoined from exercising control over the property.

The defendants by answer, and the State by intervention, asserted prior peaceable possession on the part of the districts. By cross-complaint it was asked that Scrivner be restrained from farming the lands. Scrivner demurred to the cross-complaint and also moved to transfer the cause to the circuit court. This appeal is from an interlocutory order which (*a*) overruled Scrivner's demurrer, (*b*) denied the motion to transfer, and (*c*) temporarily enjoined Scrivner from occupying the land during the pendency of the action.

As to points (*a*) and (*b*) the appeal is premature, for there has not yet been a final decree. An order granting or refusing a transfer to law is not appealable, *Womack* v. *Connor,* 74 Ark. 352, 85 S. W. 783, nor does an appeal lie from an order sustaining or overruling a demurrer, without further action by the trial court. *Atkins* v. *Graham,* 99 Ark. 496, 138 S. W. 878. These matters may be considered by us only after a final decree has been entered below.

As to (*c*), an appeal may be taken from the issuance of a temporary injunction. Ark. Stats. 1947, § 27-2102. But the granting of the order is a matter that lies within the chancellor's discretion. *Riggs* v. *Hill,* 201 Ark. 206, 144 S. W. 2d 26. By his pleadings Scrivner concedes that the State owns the land and that he is in effect a trespasser. The prosecuting attorney, pursuant to his authority to represent the State in civil actions (§§ 24-101 and 24-103), asks that the trespass be enjoined *pendente lite*. The proof taken at the preliminary hearing sustains the view that Scrivner's possession is wrongful. There was no abuse of discretion in the issuance of the injunction.

The injunctive order is affirmed; in other respects the appeal is dismissed.