PACCAR FINANCIAL CORP. *v.*
Charles W. HUMMELL ·

CA 80-231                                   606 S.W. 2d 384
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*Arnold, Hamilton & Streetman*, for appellant.

*Holloway & Haddock*, for appellee.

DAVID NEWBERN, Judge. The appellee claimed the appellant had unlawfully taken from the appellee a tractor-trailer rig and had given notice to the appellee that it was to be sold at a certain time because it was collateral for a debt of the appellee which was unpaid. The appellant is allegedly assignee of a sales contract pursuant to which the appellee purchased the rig in question. In addition to asking for a return of the rig and other personalty allegedly taken, the appellee sought compensatory and punitive damages. The appellee demanded a jury trial and asked the circuit court to grant a preliminary injunction to stay the sale proceedings. The court granted the preliminary injunction staying the sale "pending further orders" of the court. This is an appeal of the order issuing the preliminary injunction.

The appellant contends the injunction should not have issued because (1) a circuit court lacks jurisdiction to grant such an injunction, (2) there was no allegation, either by affidavit or in the verified complaint, of irreparable harm, and (3) the appellee has an adequate and complete remedy at law. Because we find neither an allegation nor a showing of prospective irreparable harm, we reverse. As this conclusion disposes of the case, we decline to discuss the other two points raised by the appellant.

A. R. Civ. P. 65(a)(1) provides that, where a preliminary injunction is to be given without notice to the adversary of the one requesting it, it must be alleged by affidavit or verified complaint that, absent the injunction, irreparable harm will result to the appellant. Where notice is given, the rule con-

templates that a hearing will be held at which such irreparable harm may be shown to be in prospect.

The order granting the stay of the sale recited that the appellee had appeared specially at the hearing on the injunction petition to question the jurisdiction of the court. Thus it is apparent that notice was given to the appellant, but there is no evidence or suggestion in the record that the appellee made a showing with respect to irreparable harm.

The complaint did not state facts suggesting irreparable harm would occur without the stay, and it did not even make a bare allegation with respect to irreparable harm. Thus the court had before it neither allegation nor showing on that matter at the time the order was granted.

The prospect of irreparable harm or lack of an otherwise adequate remedy is at the foundation of the power to issue injunctive relief. See, *e.g., Ahrent* v. *Sprague*, 139 Ark. 416, 214 S.W. 68 (1919); *Ex Parte Foster*, 11 Ark. 304 (1850). See also, Dobbs, *Remedies*, p. 108 (1973). *Cf., Jones* v. *Bartlett*, 209 Ark. 681, 191 S.W. 2d 967 (1946). We interpret rule 65(a)(1) to require that when a hearing is held on the question whether a preliminary injunction should issue, with notice to the defendant, the party requesting the injunction must have made allegations of irreparable harm which stand unrebutted by the defendant or must show that absent the injunction he or she will suffer irreparable harm. Otherwise, no injunction may issue.

Reversed and remanded.