## D. W. KREUTZER, M.D. *v.*
### Wayne CLARK et al

80-158 · 607 S.W. 2d 670

Supreme Court of Arkansas
Opinion delivered November 24, 1980

*Gary Isbell*, for appellant.

*Logan & Gresham*, by: *Roger V. Logan, Jr.*, for appellees.

RICHARD L. MAYS, Justice. After appellant was notified that his contract of employment with Boone County Hospital would be terminated, he sought a temporary restraining order in chancery court. The chancery court refused to grant the restraining order because it found that appellant would suffer no irreparable harm from the proposed discharge. We affirm.

On April 18, 1980, appellant, Dr. D. W. Kreutzer, the pathologist and director of the laboratory of the Boone County Hospital since 1971, was informed by letter that the Board of Governors of the Hospital had voted to terminate his contract, effective 60 days from the date of notice. Appellant's contract provided a salary of $100,000 and authorized termination of the contract by either party upon 60 days writ-

ten notice to the other. Appellant complained to the Board that the decision to discharge him had been made in executive session without notice to him in violation of the Arkansas County Government Code, Ark. Stat. Ann. § 17-3101 et seq (Repl. 1980), and the Freedom of Information Act, Ark. Stat. Ann. § 12-2801 et seq (Repl. 1979). He requested the Board to hold a public hearing on the reasons for his discharge and buttressed his request by submitting supporting petitions signed by various community members. Although a letter was sent to appellant on May 8, 1980 generally outlining the reasons for the Board's decision, the Board refused to hold a public hearing. On June 19, 1980, one day prior to the effective date of his discharge, appellant filed a complaint in chancery court alleging illegal termination of his contract and seeking to temporarily enjoin the Board from discharging him until the merits of his claim could be determined. he alleged that unless the Board was temporarily enjoined, his professional reputation, future employment opportunities and ability to care for his patients would be irreparably harmed. After a brief hearing, the chancellor denied the interlocutory relief and this appeal followed.

The issuance of a temporary restraining order is a matter addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal unless it is clearly erroneous. *Spitzer* v. *Barnhill*, 237 Ark. 525, 374 S.W. 2d 811 (1964), Ark. R. Civ. P. 52. Essential to the issuance of a temporary restraining order is a finding that a failure to isue it will result in irreparable harm to the applicant. Ark. R. Civ. P. 65. Harm is normally only considered irreparable when it cannot be adequately compensated by money damages or redressed in a court of law. *State Police Commission* v. *Davidson*, 252 Ark. 137, 477 S.W. 2d 852 (1972).

Appellant contends that the chancellor's finding that he had not made a sufficient showing of irreparable harm to justify issuance of a temporary restraining order is clearly erroneous. He alleges harm from the loss of his $100,000 a year salary and from the possibility that he might be forced to move to another community to find suitable employment. He argues that the chances of obtaining acceptable employment,

even if he relocates, will be significantly diminished because of alleged harm to his professional reputation. He then somehow concludes that these circumstances mandate a finding of irreparable harm and the issuance of a restraining order temporarily enjoining his discharge. We could not more forcefully disagree. These arguments are available anytime an employment contract is terminated. The chancellor need not indulge in speculation about appellant's future employment opportunities in deciding the legal question here. No ground is lost by a denial of the interlocutory order which cannot be recouped in a court of law by a favorable judgment and an award of money damages.

Affirmed.