Henry GRAY, Director of Arkansas Highway and
Transportation Department *v.* Charles D. RAGLAND,
Director of Revenues, Arkansas Department of
Finance and Administration and B. J. McADAMS,
INC.

82-102                                    640 S.W.2d 788

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*Thomas B. Keys* and *Ted Goodloe,* for appellant.

*Cassandra F. Wilkins-Slater,* for appellee Charles D. Ragland, Director of Revenues.

*Hardin, Grace, Downing, Napper, Allen & East,* for appellee and cross-appellant B. J. McAdams, Inc.

FRANK HOLT, Justice. B. J. McAdams, Inc., a domestic corporation engaged in interstate trucking and having its principal place of business in Pulaski County, brought this action in chancery court to enjoin the Director of Revenues, Department of Finance and Administration, from asserting a claim for registration fees on McAdams' trucks for July 1, 1980 — December 31, 1980, and to enjoin the Director of the

Arkansas Highway and Transportation Department from stopping McAdams' trucks for failure to register in Arkansas. The parties will be referred to herein as "McAdams," "Revenue Department," and "Highway Department." The chancellor ruled that McAdams owed $45,502.37 in registration fees for the last six months of 1980. The Highway Department appealed, contending that McAdams should be assessed $179,260.57. McAdams cross-appealed, contending that no registration fee was owed, or, alternatively, that the fee should be no more than $13,271.41. The Revenue Department argues that the chancellor was correct in all respects. We agree and affirm.

The factual background to this litigation is rather complex. McAdams registered its trucks in California for the calendar year 1980 and for some years prior thereto. California's accounting is based on the calendar year. Arkansas' accounting is based on the fiscal year, which runs from July 1 to June 30. In April 1980 the Revenue Department informed McAdams and other Arkansas based truckers then registered in California that, beginning July 1, 1980, they would be required to register their trucks in Arkansas and pay Arkansas a registration fee as prescribed in Ark. Stat. Ann. § 75-201 (Repl. 1979). McAdams responded by filing this action in chancery court.

Arkansas is a member of a multi-state compact called the International Registraton Plan (IRP), which allowed truckers based in any member state to register in any other member state. The state in which the trucker registers collects the registration fees which are then apportioned among each member in which the trucker operates according to the number of miles traveled by the trucker in each state. California is not a member of the IRP. Therefore, Arkansas does not receive a portion of the registration fee paid to California. States that are not members of this multi-state compact often enter into reciprocity agreements whereby each grants to the truckers licensed in the other the right to use the highways without paying a registration fee. Members of the IRP are allowed by the terms of the compact to charge "reciprocity miles", which are fees assessed on trucks licensed in the IRP state based on miles traveled by

trucks in states that are nonmember states. The purpose of these charges is to prevent trucks from being able to operate free in nonmember states. Arkansas and all other member states charge reciprocity miles, except Illinois.

The chancellor concluded that Arkansas did not have a valid reciprocal agreement with California. He entered judgment for the Department of Revenue in the sum of $45,502.37. This sum was computed according to a formula that all parties agree is correct. The sum was computed for 365 tractor-trailer rigs traveling a stipulated number of miles in Arkansas and in other states. The sum includes "reciprocity miles" but allows a credit for fees paid in other states.

Several of the arguments made on appeal are, in effect, that the chancellor's findings were against the preponderance of the evidence. Therefore, it is important to bear in mind that the chancellor's findings as to a fact question will not be disturbed on appellate review unless clearly erroneous (clearly against the preponderance of the evidence) and due regard will be given the trial court to judge the credibility of the witnesses. Rule 52, ARCP, Ark. Stat. Ann. Vol. 3A (Repl. 1979), *Ballentine* v. *Ballentine,* 275 Ark. 212, 628 S.W.2d 327 (1982).

The Highway Department appeals from the chancellor's ruling, asserting that the $45,502.37 in favor of the Department of Revenue is inadequate and should be $179,260.57. Although we discuss the merits of the Highway Department's argument, we first observe that the Highway Department lacks standing to bring this appeal since it is not the agency charged with the duty of collecting the registration fees. Ark. Stat. Ann. §§ 75-110 — 75-120 (Repl. 1979). The Highway Department raises two points for reversal. First, it argues that the granting of credit for fees paid to other states was improper. However, this credit is authorized by the IRP and the IRP was entered into pursuant to Ark. Stat. Ann. § 75-251 et seq. (Repl. 1979). Therefore, we find no error.

Second, the Highway Department argues that the fee should have been computed by the chancellor on 1,150

trucks rather than 365. The assistant chief of the Highway Department testified that 1,150 trucks bearing McAdams' insignia with different license plates crossed the Arkansas state lines from July 1 to December 31, 1980. However, on cross-examination he admitted that the count could involve duplication, since the same truck could be counted when it entered the state on different occasions at different points, and that the court could include trucks that were on a five day trip lease under the McAdams name but which would not be trucks that McAdams was required to license. We conclude that the chancellor's finding was not clearly erroneous.

McAdams, on cross-appeal, raises four points for reversal. First, the state was estopped from claiming fees for the last six months of 1980 by an agreement, upon which McAdams relied when it registered in California for the calendar year 1980, between Arkansas and California that allowed Arkansas based truckers to register in California. The chancellor found that no valid agreement existed. We have reviewed carefully the evidence, including exhibits, relied upon by McAdams to prove the existence of an agreement, and we conclude that the chancellor's finding was not clearly erroneous. The most that all the evidence proves is that there may have been an agreement at some time in the 1940's or 1950's; however, there is insufficient evidence that the terms of the agreement, if one existed, allowed an Arkansas domestic corporation, having its principal place of business in Arkansas, to register in California and thus avoid Arkansas' registration fees.

McAdams' second point is disposed of by our resolution of the first point. McAdams argues that the notice in April 1980 that Arkansas based truckers would be required to register in Arkansas or some other IRP state constituted "rulemaking" as defined by the Administrative Procedure Act [Ark. Stat. Ann. § 5-701 (c) (Repl. 1976)] and that the Revenue Department erred by not following the rulemaking process outlined in the APA. However, if no valid agreement existed allowing McAdams to escape registration in Arkansas or another IRP state, the Revenue Department

was not promulgating or repealing a rule but was merely giving notice that the then existing laws would be enforced.

McAdams' third point is that the amount of registration fees determined to be due by the chancellor is excessive because it includes "reciprocity miles." McAdams claims that it owes the Revenue Department no more than $13,271.40 for mileage actually traveled by its vehicles in Arkansas. Two arguments are advanced to support this point. First, McAdams argues that it could have legally registered in Illinois during 1980 and avoided the payment of reciprocity miles, because Illinois is the only IRP state that does not collect reciprocity miles. The reasoning is that since it would have been permissible under Arkansas law for McAdams to have avoided reciprocity miles fees in this manner, Arkansas cannot collect those fees. We find no merit to this point. It simply makes no sense to say that McAdams should now be able to benefit from a course of action that it could have chosen but did not. Similarly, McAdams complains that it will have to pay twice, once to California and once to Arkansas, for registration for June 1, 1980 to December 31, 1980. However, McAdams chose to register in California and pay the fee for the entire calendar year 1980. That registration was not in compliance with Arkansas law. No rule of law is cited which allows a taxpayer to voluntarily pay a tax in a state where none is owed and then claim that payment as a credit against taxes that are owed in the taxpayer's home state.

In a subordinate argument McAdams asserts that the collection of fees for mileage traveled in other states violates the commerce and due process clauses. McAdams' brief does no more than assert this point. No authority is cited and no real argument is made in support of this point. As we stated in *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977), assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken.

Affirmed on direct appeal and cross-appeal.