AMERICAN TRUCKING ASSOCIATIONS, INC.;
TRANSCON LINES, INC.; DIAMOND
TRANSPORTATION SYSTEM, INC.; ROLLINS
LEASING CORPORATION; COMMERCIAL
CARRIERS, INC., on Behalf of Themselves and All Other
Similarly Situated Taxpayers; ARKANSAS BUS AND
TRUCK ASSOCIATION, INC.; and JONES TRUCK
LINES, INC. on Behalf of Themselves and All Other
Similarly Situated Taxpayers v. Henry C. GRAY, Director,
ARKANSAS HIGHWAY AND TRANSPORTATION
DEPARTMENT; David SOLOMON; Ron HERROD;
Patsy Lee THOMASSON; Raymond PRITCHETT, Jr.;
Bobby HOPPER; Members of the ARKANSAS STATE
HIGHWAY COMMISSION; Roy L. JOHNSON, Chief of
the ARKANSAS HIGHWAY POLICE DIVISION of the
ARKANSAS HIGHWAY & TRANSPORTATION
DEPARTMENT; Charles D. RAGLAND, Commissioner
of Revenues, Revenue Division, ARKANSAS
DEPARTMENT OF FINANCE & ADMINISTRATION;
Jimmie Lou FISHER, Treasurer of the State of Arkansas;
Mahlon MARTIN, Director, ARKANSAS DEPARTMENT
OF FINANCE & ADMINISTRATION

83-209                              657 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered September 19, 1983

*Mitchell, Williams, Selig, Jackson & Tucker,* for appellants.

*Chris O. Parker, Ted Goodloe,* and *Thomas B. Keys,* for appellee Arkansas State Highway Commission.

*Joe Morphew,* for appellee Revenue Department.

*Steve Clark,* Atty. Gen., by: *Frederick K. Campbell,* Deputy Atty. Gen., for appellee Jimmie Lou Fisher.

JOHN I. PURTLE, Justice. This appeal is from an interlocutory order denying an injunction to prevent monies being collected for the sale of motor fuels from being deposited into the state treasury and from being distributed to various state agencies, cities and towns. Appellants filed a taxpayers' suit on May 27, 1983, attacking the constitutionality of Act 685 of 1983 claiming it to be an illegal exaction pursuant to Art. 16, sec. 13, of the Arkansas Constitution. The act levied a motor fuel tax upon certain fuels used by the trucking industry. A preliminary injunction was issued on the date suit was filed but was dissolved on July 29, 1983, after several days of testimony. Appellees presented evidence at the hearing on the temporary injunction that they would suffer damages up to $53,000,000 if the injunction were continued. The court set bond in the amount of $53,000,000 in order to stay the dissolution order. The notice of appeal and petition for certiorari was filed with this court on August 1, 1983. Subsequently, we granted

appellants' motion to expedite the appeal. The decree of the chancellor is affirmed and the petition for certiorari is denied pending trial of the case on its merits.

At the hearing on the temporary injunction the chancellor found appellants' chances of prevailing on the merits of the case were not good. An order was issued dissolving the temporary injunction. The interlocutory order is an appealable order pursuant to Arkansas Rules of Appellate Procedure, Rule 2 (a) (6).

Appellants claim that certain findings made by the chancellor were not valid in light of the evidence presented. Disputed findings by a chancellor are upheld on appeal, unless such findings are clearly erroneous. *Gray* v. *Ragland,* 277 Ark. 232, 640 S.W.2d 788 (1982). Many citations were presented to the chancellor and he was obviously persuaded that the highway use equalization tax imposed by Act 685 of 1983 would likely stand against attack. In view of the presumption of validity of acts of the Arkansas General Assembly we cannot say the findings of the court below were clearly erroneous. *Arkansas Motor Vehicle Commission* v. *Cliff Peck Chevrolet, Inc.,* 277 Ark. 185, 640 S.W.2d 453 (1982).

The granting or denying of a temporary restraining order is a matter falling within the sound discretion of the trial court and its decision will not be reversed on appeal unless it is clearly erroneous. *Kreutzer* v. *Clark,* 271 Ark. 243, 607 S.W.2d 670 (1980).

Appellants correctly contend that the possibility of irreparable harm must be shown before a restraining order or injunction will issue. The chancellor in this case did not find that irreparable harm would result to appellants. Therefore, an essential ingredient for continuing the temporary injunction is missing. ARCP, Rule 65. *Kreutzer* v. *Clark, supra.* We do not consider the merits of the case on this appeal. We are convinced that the record supports the chancellor's ruling. The case is scheduled to be heard on its merits before the end of the current month, and should a proper appeal be lodged after the final decision, we will at

that time deal with the merits of the case as presented to us. On the present appeal, the decision of the chancellor is affirmed.

HAYS, J., not participating.