AMERICAN TRUCKING ASSOCIATIONS, Inc., et al.
*v.* Henry C. GRAY, Director, Arkansas Highway and
Transportation Department, et al.

85-101                                      746 S.W.2d 377

Supreme Court of Arkansas
Opinion delivered March 14, 1988
[Rehearing denied April 25, 1988.*]

*Hickman, J., would grant rehearing.

*Mayer, Brown & Platt*, by: *Andrew L. Frey, Kenneth S. Geller* and *Douglas K. Mayer*; Of Counsel: *William S. Busker*, Vice President, Legal Affairs, American Trucking Ass'n Inc.; *ATA Litigation Center*, by: *Daniel R. Barney* and *Robert Digges, Jr.*; *Wright, Lindsey & Jennings*, by: *Peter G. Kumpe* and *Gregory T. Jones*, for appellants American Trucking Ass'ns., Inc., et al., and the appellant class.

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre*, for appellant Leon Cawood d/b/a Leon Cawood Trucking.

*Thomas B. Keys; Ted Goodloe*, for Arkansas State Highway Commission; *Joe Morphew*, for Dep't of Finance and Administration; and *Steve Clark*, Att'y Gen., for appellees.

*Rose Law Firm, A Professional Ass'n, Jerry C. Jones* and *B. Michael Bennett*, for Intervenors O.K. Enterprises, Inc.; Peterson Industries, Inc.; and Pilgrims Pride Corp. d/b/a Arkansas Poultry Federation.

*Collier, Shannon, Rill & Scott*, by: *Jeffrey W. King, K. Michael O'Connell*, and *Daniel J. Harrold*; and *Smith, Smith, Nixon and Duke*, by: *Griffin Smith*, and *Griffin Smith, Jr.*, for Memorandum of Owner-Operators Independent Drivers Association of America, Inc., Adaline Munn and Jacqueline Davis in support of their motion to intervene and for certification of a subclass.

DAVID NEWBERN, Justice. The appellants, American Trucking Associations, Inc., et al., (ATA) challenged the constitutionality of Act 685 of 1983, which instituted the Arkansas Highway Use Equalization Tax (HUE Tax), as a violation of the Commerce Clause. The Pulaski County Chancery Court upheld the tax, and we affirmed. *American Trucking Associations, Inc. v. Gray*, 288 Ark. 488, 707 S.W.2d 759 (1986). While the case was on certiorari, the Supreme Court decided *American Trucking Associations, Inc. v. Scheiner*, ___ U.S. ___, 107 S. Ct. 2829 (1987), invalidating a similar Pennsylvania tax. The Supreme Court vacated our judgment in the *Gray* case and remanded it to us for reconsideration in light of its decision in the *Scheiner* case. On August 14, 1987, the appellees, Henry C. Gray, Director of the Arkansas Highway and Transportation Department, et al., were ordered by Mr. Justice Blackmun, in his capacity as Circuit Justice, to place HUE tax receipts in an interest-bearing escrow. As directed, we now reconsider our prior decision of the case. In

addition to the basic question of the constitutionality of the act, we have been asked by the appellant class represented by ATA to decide whether and to what extent taxes collected pursuant to the act are to be refunded if the act is invalidated. We are also asked to determine whether counsel for ATA are entitled to court ordered attorney fees. We hold that the act is unconstitutional, the taxpayers represented by ATA are entitled to have refunded the taxes they have paid into the escrow fund, and the case is to be remanded to the chancery court to determine the manner of refund distribution and payment of attorney fees.

### 1. Unconstitutionality

We need not set out the details of the HUE tax, as that was done in our earlier opinion in this case. Nor do we need to detail the Pennsylvania tax, which was held invalid in the *Scheiner* case, and the somewhat persuasive arguments about how the HUE tax differs significantly from the Pennsylvania tax. The important point to recognize is that, in the *Scheiner* case, the Supreme Court applied its "internal consistency" test and said, in effect, that if a state's tax treats truckers whose bases of operations are outside the state differently from those based in the taxing state, it violates the Commerce Clause. It is conceded that the HUE tax effectively costs other truckers more per mile than it costs those based in Arkansas, despite the option, which is available to all, to pay a flat rate or a per-mile rate or a trip rate. Therefore, we have little doubt that the Supreme Court would hold that the HUE tax is unconstitutional, and that is our holding.

### 2. Refunds

The HUE tax promulgated by Act 685 of 1983 was repealed by Act 3 of 1987 (2nd Ex. Sess.). Thus, our decision that the tax was unconstitutional is unimportant except to the extent it may call for refunds. From the time the tax was enacted until Mr. Justice Blackmun's order of August 14, 1987, some $159 million was collected and funneled to the state treasury. After the escrow account was created, some $4.9 million was collected and placed in the account. As the HUE tax was paid by all truckers, it is obvious that some of it was paid by those based in Arkansas. Some Arkansas HUE taxpayers have intervened on behalf of all such taxpayers contending, along with the appellees, that the non-Arkansas based truckers are not entitled to a refund. The Arkansas HUE taxpayers have also made it clear that they seek

no refund.

■ To hold the interstate truckers were entitled to all of their HUE tax payments, we would have to apply the *Scheiner* decision retroactively. It should only be applied prospectively. The Supreme Court, in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), stated three factors to be considered in deciding to apply a judgment prospectively: (1) The judgment establishes a new rule of law overruling cases or arises from a case of first impression. (2) The purpose of the law will not be thwarted by prospective application. (3) A general balancing of the equities favors prospective application.

The first factor is aimed at whether it was reasonable for the state to have conducted itself as it did, given prior Supreme Court interpretations of the Commerce Clause. The *Scheiner* decision notes that several other states besides Arkansas and Pennsylvania had enacted so-called "flat" highway taxes. Justice O'Connor, in her dissenting opinion, noted that these taxes would probably be found violative of the Commerce Clause pursuant to the *Scheiner* holding. The *Scheiner* case was decided five justices to four with strong dissenting opinions. It declared invalid a tax which a reasonable person could easily have found to pass Commerce Clause muster upon examination of *Aero Mayflower Transit Co. v. Bd. of R.R. Comm'rs of Montana*, 332 U.S. 495 (1947), and *Aero Mayflower Transit Co. v. Georgia Public Serv. Comm'n*, 295 U.S. 285 (1935), in which "flat" highway taxes were held not violative of the Commerce Clause. We relied on those cases, among others, in our original opinion in this case.

Second, the purpose of the law espoused in the *Scheiner* decision is to secure equal treatment for inter- and intrastate commerce and thus create an area of free trade among the states. No doubt prospective application will help achieve that goal. We agree with the Washington Supreme Court which recently found itself having to decide whether a Supreme Court decision would operate only prospectively with respect to invalidation of the Washington business and occupation tax. "It is difficult to understand how retroactive application would encourage free trade among the states since whatever chill was imposed on interstate trade is in the past and the Legislature has enacted law to attempt to comport with the new commerce clause taxation laws announced in *Tyler* [*Tyler Pipe Indus., Inc. v. Department*

*of Rev.,* ___ U.S. ___, 107 S. Ct. 2810 (1987)]." *National Can Corp.* v. *Department of Revenue,* 109 Wash. 2d 878, 749 P.2d 1286 (1988).

■■ The equities favor disallowing refund of the tax money already paid into the state treasury. The interstate, non-Arkansas based truckers have used Arkansas highways with their heavy trucks to which the HUE tax applied since 1983. To refund everything paid by them since that date would allow them an unconscionable windfall far in excess of a fair recovery for the discrimination they may have suffered due to the tax. It would constitute unfair treatment of the Arkansas-based truckers who have paid the tax and seek no refund. It is fair, however, to allow to the ATA class a refund of the HUE tax money paid into escrow since August 14, 1987, when the appellees were put on notice that the ATA's claims were ones which were likely to succeed on their merits. The escrowed funds have not been placed in the state treasury and spent or, presumably, counted on for the future.

### 3. Attorney fees

■ We have consistently recognized that when a class action results in the recovery of a "common fund" it is proper to allow attorney fees to be paid from the fund. *Powell* v. *Henry,* 267 Ark. 484, 592 S.W.2d 107 (1980); *Marlin* v. *Marsh,* 189 Ark. 1157, 76 S.W.2d 965 (1934).

### Conclusion

The case is remanded to the chancellor to determine the means by which the payments made by non-Arkansas based truckers into the HUE tax escrow fund may be refunded pro rata after deduction of attorney fees to be determined by the chancellor.

Reversed and remanded.

HICKMAN, J., dissents in part.

DARRELL HICKMAN, Justice, dissenting. I agree with the court's decision except regarding the refund. If the United States Supreme Court's decision in *American Trucking Associations, Inc.* v. *Scheiner,* ___ U.S. ___, 107 S. Ct. 2829 (1987), is to be applied prospectively, then the refund should be made from the date of that decision, or certainly no later than when we were asked, in July 1987, to place the funds in escrow. Our decision

denying that request should have reflected that I did not participate.