**David N. SEDERQUIST, Marilyn T. Sederquist, Frank Gariffo, Marie Gariffo, J.W. Schuchardt, Warren W. Robinson, Edith Robinson, Plaintiffs–Appellants,**

v.

**Arthur COURT, Annette Court, Walter I. Thurman, Apula Thurman, Louie A. Gerdine, Edith C. Gerdine, Defendants–Appellees.**

No. 87–2806.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1988.

Decided Nov. 14, 1988.

Robert G. Schuchardt, San Francisco, Cal., for plaintiffs-appellants.

Richard T. Tarrant and Lucy E. Bettis, San Francisco, Cal., for defendants-appellees.

Before SNEED, CANBY and TROTT, Circuit Judges.

SNEED, Circuit Judge:

Plaintiffs appeal the district court's dismissal of their suit to recover attorneys' fees under a substantial benefit theory for lack of subject matter jurisdiction. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

This is the third visit to this court of litigation that has gone on for about fifteen years. *See Sederquist v. City of Tiburon*, 765 F.2d 756 (9th Cir.1984); *Sederquist v. City of Tiburon*, 590 F.2d 278 (9th Cir. 1978). The plaintiffs and defendants own lots in the Hacienda Heights subdivision in the City of Tiburon. Of the seven owners of these lots, only four pursued the litigation against Tiburon, which culminated in a consolidated federal inverse condemnation proceeding and a federal civil rights action. These four plaintiff-landowners argued that Tiburon had effected a taking without just compensation.

This court reversed the district court's grant of summary judgment in favor of Tiburon. *See Sederquist v. City of Tiburon*, 765 F.2d 756 (9th Cir.1984). The parties eventually settled. As a result, the land owned by both the plaintiffs and defendants allegedly increased greatly in value.

After the settlement but before dismissal of the original action, the plaintiffs, by a post-judgment motion, attempted to join the defendants in the litigation in order to collect a share of their attorneys' fees. It was argued that the court had subject matter jurisdiction because the attorneys' fees claim arose from a case involving a federal question and, alternatively, because the court had ancillary jurisdiction over related claims. The City of Tiburon, as the only named defendant at that time, merely wanted an end to the litigation. Judge Schnacke denied the motion, stating:

I am inclined to think this case is over and I'm going to deny the present motion to bring this claim within the context of the action that's been concluded. I will make that denial, however, without prejudice to the commencement of a new case wherever the plaintiffs may think that case ought to be brought.

Excerpt of Record (E.R.), tab 2, at 5.

Instead of appealing the denial of his motion, plaintiffs initiated this action in the district court as suggested by Judge Schnacke. The new complaint asserted that the efforts of the plaintiffs in the underlying litigation enriched the defendants unjustly and that under a substantial benefit/common fund theory the defendants were liable for a pro rata share of attorneys' fees. Plaintiffs once more asserted federal question jurisdiction and ancillary jurisdiction. The defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The district court dismissed for the lack of subject matter jurisdiction. Plaintiffs now appeal this dismissal in a timely fashion.

## II.

### JURISDICTION

Jurisdiction is the subject of this appeal. Our jurisdiction to determine jurisdiction is conferred by 28 U.S.C. § 1291.

## III.

### STANDARD OF REVIEW

Jurisdiction is reviewed de novo. *Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1425 (9th Cir.1986).

## IV.

### FEDERAL QUESTION JURISDICTION

Federal courts have jurisdiction over cases "arising under" the Constitution and laws of the United States. 28 U.S.C. § 1331 (1982). Plaintiffs argue that the substantial benefit doctrine is a creation of federal common law. A federal court, they point out, has jurisdiction under § 1331 if the plaintiff's claim is based on federal common law. *Illinois v. City of Milwaukee*, 406 U.S. 91, 99–100, 92 S.Ct. 1385, 1390–1391, 31 L.Ed.2d 712 (1972); *accord National Farmers Union Ins. Cos. v.*

*Crow Tribe of Indians*, 471 U.S. 845, 850, 105 S.Ct. 2447, 2450, 85 L.Ed.2d 818 (1985); *Smith v. Grimm*, 534 F.2d 1346, 1351 (9th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976). Thus, jurisdiction in this case turns on whether the substantial benefit doctrine has its source in federal common law. We now examine this contention.

The Supreme Court in *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939), approved what has become known as the "common fund" exception to the "American rule" which prohibits the award of attorneys' fees to the prevailing party in litigation. As explained by this court in *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1137 (9th Cir.1979), "[o]ne of the established equitable exceptions is the 'common benefit' exception, which permits an award of attorneys' fees to a plaintiff whose action results in a substantial benefit to others (footnote omitted)," even when the suit was not brought on behalf of the class. In *Reiser*, this court held that plaintiff-shareholders should be permitted to claim attorneys' fees after having forced a company in which they owned stock to modify its proxy statement through the commencement of litigation. *Id.* at 1140; *see also Hall v. Cole*, 412 U.S. 1, 9–14, 93 S.Ct. 1943, 1948–1950, 36 L.Ed.2d 702 (1973) (holding that a union member's vindication of his right to free speech in the face of a restrictive union rule conferred benefits on the union and its members and was thus entitled to an award of attorneys' fees from the union treasury); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970) (holding that attorneys' fees could be awarded even when the plaintiff conferred a nonmonetary benefit on others).

These cases lead the plaintiffs to argue that because federal courts have applied this equitable doctrine, it is a part of the federal common law. They cast too large a net. Not every principle of law or equity, not enshrined in a federal statute or regulation, employed by a federal court becomes "federal common law." Federal courts often draw upon the ubiquitous le-gal culture in which they function to resolve various issues without either cataloging the principle utilized or incorporating it into the federal common law. To hold otherwise would infinitely expand federal jurisdiction.

The scope of the federal common law is more narrow. The Supreme Court

> has recognized the need and authority in some limited areas to formulate what has come to be known as "federal common law." ... These instances are "few and restricted," *Wheeldin v. Wheeler*, 373 U.S. 647, 651 [83 S.Ct. 1441, 1445, 10 L.Ed.2d 605] (1963), and fall into essentially two categories: those in which a federal rule of decision is "necessary to protect uniquely federal interests," *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 426 [84 S.Ct. 923, 939, 11 L.Ed. 2d 804] (1964), and those in which Congress has given the courts the power to develop substantive law....

*Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (citations omitted); *see National Audubon Soc'y v. Department of Water*, 858 F.2d 1409, 1413 (9th Cir.1988). Professor Wright further divides the second category into areas in which the law is "dominated by the sweep of federal statutes," *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 176, 63 S.Ct. 172, 174, 87 L.Ed. 165 (1942), and those in which "there is a strong national or federal concern." 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4514, at 223–24 (1982).

The substantial benefit doctrine fits in neither of these categories. First, it implicates no uniquely federal interests. To do so "an interest must relate to an articulated congressional policy or directly implicate the authority and duties of the United States as sovereign." *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1325 (5th Cir.1985) (en banc). No interests of the federal government would be affected by the application of the substantial benefit doctrine in this case.

Second, although there are a number of federal statutes that govern the award of

attorneys' fees in various circumstances, see H. Newberg, *Attorney Fee Awards*, § 28.01 (1986) (listing statutes), the award of attorneys' fees is a task undertaken in both the state and federal courts. The common fund doctrine has been recognized by numerous state courts. *See, e.g., American Trucking Assocs., Inc. v. Gray*, 295 Ark. 43, 47, 746 S.W.2d 377, 379 (1988); *Gray v. Don Miller & Assocs., Inc.*, 35 Cal.3d 498, 505, 674 P.2d 253, 256, 198 Cal.Rptr. 551, 554 (1984); *Gigot v. Cities Serv. Oil Co.*, 241 Kan. 304, 313–14, 737 P.2d 18, 24 (1987); *Raleigh–Durham Airport Auth. v. Howard*, 88 N.C.App. 207, 211–12, 363 S.E.2d 184, 186–87 (1987), *review denied*, 322 N.C. 113, 367 S.E.2d 916 (1988); *State ex rel. Montrie Nursing Home, Inc. v. Creasy*, 5 Ohio St.3d 124, 127, 449 N.E.2d 763, 766–67 (1983); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799–801 (Tex.1974). The common fund doctrine, to repeat, is merely an equitable exception to the traditional "American rule" governing attorneys' fees. It is neither an example of "interstitial lawmaking." 19 C. Wright, A. Miller, & E. Cooper, *supra*, § 4514, at 235, nor an area dominated by federal statutes.

Finally, there is no strong national or federal concern that dominates this area. This category is reserved for "those cases involving matters that are by tradition and necessity governed by federal law, such as controversies between states, admiralty matters, and foreign relations." *Id.* at 249.

While it is true that the question of jurisdiction has never been raised in a case in which federal courts have applied the common fund doctrine to award attorneys' fees, in each such case the fee request was part of the original proceeding and the district court's jurisdiction rested on grounds independent of the fee request. *See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Lewis v. Anderson*, 692 F.2d 1267 (9th Cir. 1982); *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135 (9th Cir.1979).[1] We hold therefore that the substantial benefit doctrine is not part of the federal common law.

## V.

### ANCILLARY JURISDICTION

■ Plaintiffs also argue that the district court had ancillary jurisdiction over this case. They argue that because of the "peculiar nature of the substantial benefit rule" it is not mandatory that the request for attorneys' fees be decided through a post-trial motion. Appellant's Brief at 24.

Ancillary jurisdiction, although "ill-defined," is generally understood as jurisdiction over those matters that are incidental to the primary claims in a case. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3523, at 82 (1984). The theory is that the court acquires jurisdiction over the case or controversy in its entirety in order to "dispose of the principal case effectively" and to "do complete justice in the dispute." *Id.* at 85. Attorneys' fees claims are ancillary proceedings. *See United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed. 2d 654 (1982) (citing *Reiser*, 605 F.2d at 1140); *Valerio v. Boise Cascade Corp.*, 645 F.2d 699, 700 (9th Cir.) (per curiam), *cert.*

---

1. *City of Klawock v. Gustafson*, 585 F.2d 428 (9th Cir.1979), is not to the contrary. In this case a city sued a federal statutory trustee and the Department of the Interior to force conveyance of a number of unoccupied lots within the townsite to it. In the course of the litigation, the policy prohibiting conveyancing to Indian townsites was reversed and the city was deeded the lots in question. The trustee then proceeded to convey vacant lots in native townsites to municipalities throughout Alaska. These vacant lots were held to constitute a common fund against which the City of Klawok could charge its attorneys' fees.

Although the other townsites from which the attorneys' fees were to come were not parties to the litigation, the court did have jurisdiction over the trustee and apparently at the time of the suit the trustee had control over the vacant lots to be conveyed—that is, over the common fund. "The city and its attorneys [sought] to recover fees only from those lots actually in the trustee's hands at the time of the court's decision." *Id.* at 431. This fact was important to the court—it compared it to the situation in *Sprague v. Ticonic National Bank* in which the bank's bankruptcy trustee had possession of property of trusts in addition to the one involved in the specific litigation. Subject matter jurisdiction, though not specifically discussed, was presumably ancillary in nature; because the trustee was already in the case and had control over the common fund the court had little problem finding that part of it should go to attorneys' fees.

*denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

However, these cases are not helpful because the attorneys' fees claims were against parties in the original suit and that suit had not been dismissed. In effect plaintiffs are arguing that ancillary jurisdiction, that could have existed in the earlier case, somehow creates jurisdiction over this separate action for attorneys' fees. Had this case been an appeal from the denial of a post-petition request for attorneys' fees in the earlier case, the concept would be relevant. That is not what is before us. Here a separate case against different defendants has been brought. Under these circumstances ancillary jurisdiction does not exist. *See Redding Ford v. California State Bd. of Equalization,* 722 F.2d 496, 498 (9th Cir.1983), *cert. denied,* 469 U.S. 817, 105 S.Ct. 84, 83 L.Ed.2d 31 (1984); *see also Berry v. McLemore,* 795 F.2d 452, 455–56 (5th Cir.1986) (ancillary jurisdiction did not extend to subsequent garnishment proceeding brought to collect judgment entered in federal court).

The judgment of the district court is affirmed.

AFFIRMED.