Maurice SMITH, Director, Arkansas Highway & Transportation Department, et al. *v.* AMERICAN TRUCKING ASSOCIATION, INC., et al.

89-232                                              781 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered December 11, 1989

595

*Robert L. Wilson* and *A.T. Goodloe II*, of the Arkansas Highway and Transp. Dep't; and *Friday, Eldredge & Clark*, by: *B.S. Clark, John Dewey Watson, and Robert S. Shafer*, for appellants.

*Mayer, Brown & Platt*, by: *Andrew L. Frey, Kenneth S. Geller*, and *Evan M. Tager; Daniel R. Barney and Robert Diggs, Jr.*, of the ATA Litigation Center; and *Williams & Anderson*, by: *Peter G. Kumpe*, for appellees.

DAVID NEWBERN, Justice. This is an appeal from a chancellor's order granting a preliminary injunction. The injunction requires the appellants, referred to here collectively as "the state," to place in escrow certain highway use and fuel taxes upon collection. The appellees are the American Trucking Associations, Inc., and several trucking companies, representing a class of interstate trucking companies operating trucks registered outside Arkansas. They will be referred to collectively as "ATA." ATA sought to enjoin the collection of the taxes and a refund of those already collected. The chancellor granted ATA's request

for preliminary relief upon finding that it was likely ATA would succeed on the merits and, without the escrow, it could suffer irreparable harm. We affirm because we find no abuse of the chancellor's discretion.

The taxes placed in escrow are the highway use tax prescribed in Ark. Code Ann. § 27-35-205 (Supp. 1989) for trucks weighing 73,281 pounds or more (HU tax) and the $10.00 annual fee required by Ark. Code Ann. § 26-55-708 (1987) to be paid for any vehicle using state highways and subject to the motor fuels tax (decal tax). The challenge to the HU tax is that it violates the Equal Protection Clause because it contains a so-called "natural resources exemption," according to which haulers of certain items do not have to pay the tax despite the fact that they do as much damage to the highways per mile traveled as trucks carrying the same weight composed of non-exempt items. It is also challenged on the basis of the Commerce Clause because truckers who have not qualified for the basic $.025 per mile rate are permitted to purchase an $.08 per mile trip ticket which, in practice, allegedly results in more and disparate expense to truckers not registered in Arkansas. The challenge to the decal tax is based on the Commerce Clause. The argument is that it has a greater impact on interstate truckers using Arkansas highways than on those travelling solely on Arkansas highways.

### 1. Preliminary injunction standard

■ The state cites *Kreutzer* v. *Clark*, 271 Ark. 243, 607 S.W.2d 670 (1980), and *Paccar Financial Corp.* v. *Hummell*, 270 Ark. 876, 606 S.W.2d 384 (Ark. App. 1980) for its contention that a party seeking a preliminary injunction must demonstrate a likelihood of success on the merits of the claim for a permanent injunction as well as the likelihood that, absent the granting of preliminary relief, irreparable harm will occur. The cases are correctly cited with respect to the irreparable harm point, but neither mentions the requirement of likelihood of success on the merits. We agree, however, that a showing of a likelihood of success on the merits is necessary. *Munson* v. *Gilliam*, 543 F.2d 48 (8th Cir. 1976). *See also American Trucking Assn's, Inc.* v. *Gray*, 280 Ark. 258, 675 S.W.2d 207 (1983).

## 2. Standard of review

An order granting or denying a preliminary injunction is within the chancellor's discretion. *American Trucking Assn's* v. *Gray, supra.* We do not reverse the granting of a preliminary injunction unless there has been an abuse of the chancellor's discretion. *Scrivner* v. *Portis Mercantile Co.*, 220 Ark. 814, 250 S.W.2d 119 (1952); *Riggs* v. *Hill*, 201 Ark. 206, 144 S.W.2d 26 (1940).

## 3. The HU tax

In her order placing the HU tax collections in escrow, the chancellor specifically found that ATA was likely to succeed because the law exempting trucks hauling certain items, Ark. Code Ann. § 27-35-205(c) (Supp. 1989), appears to be inconsistent with the basic purpose of the tax. The chancellor cited *Williams* v. *Vermont*, 472 U.S. 14 (1985), in which the Supreme Court held that taxpayers had stated a claim that Vermont's use tax on automobiles was in violation of the Equal Protection Clause and mentioned the fact that the tax treated taxpayers unequally on a basis which bore "no relation to the statutory purpose." 472 U.S. at 24.

As to the trip permit, the chancellor stated ATA had shown a likelihood of success in establishing that truckers based in other states purchasing the permits at $.08 per mile were, in practice, having to pay more than Arkansas based truckers for the privilege of using Arkansas highways, citing *Complete Auto Transit, Inc.* v. *Brady*, 430 U.S. 274 (1977), and *Larey* v. *Continental Southern Lines, Inc.*, 243 Ark. 278, 419 S.W.2d 610 (1967).

In the *Complete Auto* case the Supreme Court upheld a Mississippi tax on the basis that it was fairly apportioned among those who had to pay it and was related to the services provided by the state. In the *Larey* case this court held an Arkansas fuel tax in violation of the Commerce Clause because it discriminated against interstate bus operators. The state argued the discrimination was justified, but we rejected the argument because we had "nothing before us to indicate that this cost bears any relationship whatever to the resulting difference in the tax collected." 243 Ark. at 284, 419 S.W.2d at 614.

The chancellor noted that the state had not demonstrated that the $.025 per mile rate was, "in practice, available to interstate motor carriers whose business operations do not economically justify prequalification of any of their vehicles . . . and who, consequently, must satisfy the HU tax on arriving at the state's border."

■ Although the state is correct in arguing that the plaintiffs, ATA, bear the burden of proof, the chancellor obviously found they had presented a prima facie case that, in practice, trucks registered outside Arkansas are paying the $.08 per mile rate and Arkansas trucks are taxed at $.025. We can not say the chancellor abused her discretion in deciding, based on the authorities cited and the information before her, that the plaintiffs were likely to succeed on their claims against the HU tax.

### 4. The decal tax

The motor fuel tax law requires those subject to it to pay a tax on fuel used in Arkansas even though it may have been purchased outside the state. By purchasing the decal for $10.00, one becomes a bonded fuel user and may pay the fuel tax quarterly rather than pay it at the border each time the user leaves the state. A user who does not leave the state need not buy the decal because the tax will always be paid at the pump. ATA argues, and the chancellor found it probably would succeed in showing, that the decal requirement, in practice, requires interstate truckers to pay more because it is their only "viable" option.

■ In *American Trucking Associations* v. *Gray*, 295 Ark. 43, 746 S.W.2d 377 (1988), we held a "flat tax" unconstitutional despite the fact that both Arkansas based and non-Arkansas based truckers had the option of paying it or paying a per mile tax. Again, we cannot say the chancellor abused her discretion with respect to this decal tax, the impact of which may be the same as that of a flat tax.

### 5. Irreparable harm

■ Nor can we fault the chancellor's conclusion that irreparable harm will be the result if ATA's claim succeeds and the taxes are, in the interim, allowed to be placed in the state treasury. A suit against the state for damages could be the subject

of a defense of sovereign immunity resulting in no recovery of the taxes collected in spite of the right to have the collection of them enjoined. There is authority for the practice of placing these taxes in escrow. *American Trucking Associations* v. *Gray*, 483 U.S. 1306 (1987).

We agree with the chancellor's decision which preserves the tax proceeds for the state in the event it should prevail yet preserves them for ATA if the opposite result is reached.

Affirmed.

HAYS, J., concurs.

STEELE HAYS, Justice, concurring. I do not agree that appellees have demonstrated the "strong likelihood of success on the merits," that the law requires. *Munson* v. *Gilliam*, 543 F.2d 48 (8th Cir. 1976). However, I do agree that an escrow of the highway use and decal taxes is an appropriate step, for the present, given the unique history of this litigation. On that basis alone I concur.