AMERICAN TRUCKING ASSOCIATIONS, INC., et al.
*v.* Maurice SMITH, Director, Arkansas Highway and
Transportation Department

85-101                                     792 S.W.2d 616

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Williams & Anderson,* by: *Peter G. Kumpe; Mayer, Brown & Platt,* by: *Andrew L. Frey, Kenneth S. Geller,* and *Douglas K. Mayer;* and *ATA Litigation Center,* by: *Daniel R. Bareny, Robert Digges, Jr., and Laurie T. Baulig,* for appellants.

*Robert L. Wilson,* Arkansas Highway and Transportation Department; and *Friday, Eldredge & Clark,* by: *B.S. Clark, John Dewey Watson,* and *Robert S. Shafer,* for appellees.

PER CURIAM. *In American Trucking Associations, Inc.* v. *Gray,* 295 Ark. 43, 746 S.W.2d 377 (1988), we held unconstitutional a "flat" tax on truckers known as the highway use equalization tax (HUE). We determined that the truckers, represented by American Trucking Associations, Inc. (ATA), were entitled to a refund of those payments of the tax which had been placed in escrow beginning August 14, 1987, pursuant to an order of Mr. Justice Blackmun in anticipation of the holding that the tax was unconstitutional.

The basis of Mr. Justice Blackmun's order escrowing the payments of the Arkansas HUE tax was the Supreme Court's decision in *American Trucking Associations, Inc.* v. *Scheiner,*

483 U.S. 266 (1987), which held unconstitutional a Pennsylvania tax similar to the Arkansas HUE tax. The *Scheiner* decision was handed down on June 23, 1987.

On petition of certiorari, the Supreme Court reviewed our decision in the *Gray* case. ATA contended the *Scheiner* decision should be applied retrospectively and thus the truckers were entitled to all such taxes paid. The Supreme Court affirmed our conclusion that the *Scheiner* decision was prospective only. It was, however, made clear that those who had paid the tax were entitled to a refund for any taxable period after the date of the *Scheiner* decision and not just from the date the escrow was established. *American Trucking Associations, Inc.* v. *Smith, Director, Arkansas Highway and Transportation Department,* ___ U.S. ___, 110 S.Ct. 359 (1990). ATA asks that we remand the case to the chancery court for a determination of the refunds due and other matters yet to be decided, such as attorneys fees.

As the *Scheiner* decision preceded the end of the 1986-1987 tax year by only a few days, ATA has waived its right to refunds for that tax year in order to make the refund process less complicated. It claims entitlement to refunds for taxes paid for the 1987-1988 tax year, regardless of whether they were paid prior to or after the *Scheiner* decision. The respondents, Mr. Smith, the members of the highway commission, and others, ask that the question of the amount of the refund to be granted be briefed before this court so that we may give directions to the trial court.

In the *Smith* case, the Supreme Court remanded for consideration in light of its decision in *McKesson* v. *Division of Alcoholic Beverages and Tobacco,* ___ U.S. ___, 110 S.Ct. 2238 (1990). The question of the amount of refund should be decided first by the chancellor. It may or may not become necessary for this court to review that decision.

ATA also asked that we shorten the response time for the appellees with respect to this motion so that the case could be remanded prior to our summer recess. That has proven to be unnecessary, so that portion of the motion is denied.

The case is remanded to the chancery court for orders consistent with this opinion.

TURNER, J., not participating.