Dear Senator Mathewson and Representative Griffin:
This opinion is in response to your questions asking:
 a. Are the pension benefits of federal civil service and military employees exempt from Missouri income tax based on the principles declared in Paul S. Davis v. Michigan Department of Treasury, 87-1020 (U.S. 3/28/89)?
 b. Must the State of Missouri recognize timely income tax refund claims filed by federal civil service and military pensioners for the tax years 1985, 1986, 1987 and 1988?
In Paul S. Davis v. Michigan Department of Treasury, No. 87-1020 (U.S. March 28, 1989), the United States Supreme Court held that Michigan's tax scheme violated the principles of intergovernmental tax immunity by favoring retired state and local government employees over retired federal employees. The appellant, Paul S. Davis, a Michigan resident, was a former employee of the United States government. He received retirement benefits pursuant to the Civil Service Retirement Act. For the years 1979 through 1984, the appellant paid Michigan state income tax on his federal retirement benefits in accordance with Michigan law. Michigan law defined taxable income in a manner that excluded all retirement benefits received from the state or its political subdivisions but included most other forms of retirement benefits. As noted by the United States Supreme Court, the effect of this definition was that the retirement benefits of retired state employees were exempt from state taxation while the benefits received by retired federal employees were not.
In reaching its decision, the United States Supreme Court discussed the judicial doctrine of intergovernmental tax immunity as applied to attempts to impose federal income tax on state and local government employees and attempts to impose state income tax on federal employees. Prior to the adoption of the Public Salary Tax Act of 1939 by the United States Congress, salaries of most government employees, both state and federal, generally were thought to be exempt from taxation by another sovereign. Dissatisfied with the uncertain state of affairs due to judicial revision of the doctrine of intergovernmental tax immunity and concerned that considerations of fairness demanded equal tax treatment for state and federal employees, Congress decided to ensure that federal employees would not remain immune from state taxation at the same time that state government employees were required to pay federal income taxes. Thus, the Public Salary Tax Act of 1939 was passed, including what is now § 111 (4 USCA § 111). In pertinent part this section states:
 The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States . . . by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation.
In Davis, the United States Supreme Court placed great reliance upon the final clause of the section which contains an exception for state taxes that discriminate against federal employees on the basis of the source of their compensation. The Court concluded that Congress defined the scope of immunity retained in § 111 based upon the prior judicial doctrine barring taxes that operate so as to discriminate against the government or those with whom it deals. Accordingly, the Court found that the tax imposed upon Mr. Davis by the State of Michigan was barred by the doctrine of intergovernmental tax immunity because it discriminated against retired federal employees in favor of retired state and local employees.
In reaching its conclusions, the Court rejected the argument that retirement benefits do not constitute compensation for personal services as an officer or employee of the United States as set forth in § 111. The Court noted that the amount of benefits to be received in retirement is based and computed upon an individual's salary and years of service even though retirement pay is not actually distributed during the time an individual is working for the government. Therefore, the Court concluded that civil service retirement benefits are deferred compensation for past years of service rendered to the government and thereby fall squarely within the category of compensation for services rendered "as an officer or employee of the United States." Although Mr. Davis was a civil servant, the reasoning of the Court would apply equally to a retired member of the armed forces of the United States, who would also be an officer or employee of the United States as set forth in § 111.
After concluding that the Michigan income tax act violated principles of intergovernmental tax immunity by favoring retired state and local government employees over retired federal employees, the Court also discussed remedies. First of all, the court noted that the state had conceded that a refund was appropriate in the circumstances to the extent that Mr. Davis had paid taxes pursuant to the invalid tax scheme. However, the Court declined to issue prospective relief as requested by Mr. Davis because of its belief that the State of Michigan and the Michigan courts were in the best position to determine how to comply with the mandate of equal treatment. The Court noted that invalidation of Michigan's income tax law in its entirety would eliminate the constitutional violation but felt that such a drastic solution was not required in this case. Accordingly, the cause was then remanded to the Michigan courts for further proceedings in accordance with the United States Supreme Court's decision.
Like Michigan, Missouri exempts the retirement benefits of state and local employees from state income tax while imposing said tax on the benefits of federal retirees. Like Michigan, Missouri is subject to the doctrine of intergovernmental tax immunity and the pronouncements of the United States Supreme Court on that subject. The reasoning of the United States Supreme Court in Davis is clear. Under the principles announced by the United States Supreme Court in Davis,
taxation of the retirement benefits of federal employees by the State of Missouri is discriminatory and invalid. Therefore, in answer to your first question, we conclude taxation of retirement benefits of federal civil service and military retirees under current Missouri income tax statutes is invalid.
Turning to your second question, Missouri law allows any taxpayer who has overpaid his income tax to file a claim for refund with the Director of Revenue. See Section 143.781, RSMo Supp. 1988; Section 143.801, RSMo 1986; and Section143.821, RSMo Supp. 1988. Although the meaning of the word "overpayment," as used in the Missouri income tax statutes, has never been judicially determined in this state, the Missouri Supreme Court has construed that term as used in other refund sections under Title X, Taxation and Revenue, of the Missouri statutes to include the payment of an illegal tax. CommunityFederal Savings Loan Association v. Director of Revenue,752 S.W.2d 794, 798 (Mo. banc 1988). In that decision, the Missouri Supreme Court determined that certain savings and loan associations were entitled to refunds of intangible personal property taxes paid under Section 148.480, RSMo 1978, which was held to be unconstitutional in Jefferson Savings and LoanAssociation v. Goldberg, 626 S.W.2d 640 (Mo. banc 1982). The Missouri Supreme Court in Community Federal stated:
 A reasonable construction of the terms "overpayment" and "erroneous" as used in section 136.035 includes the term "illegal" as seen from other interpretations by this Court, the plain meaning of the language and the definition in Black's Law Dictionary.
 The State of Missouri has thus consented to a refund of any overpayment, erroneous or illegal payment, which would include a tax declared unconstitutional, of any tax on intangible personal property by the terms of section 136.035; . . .
752 S.W.2d at 798.
The reasoning of the Missouri Supreme Court in theCommunity Federal case is applicable to this situation.[1] By enacting statutes allowing a refund for overpayment of Missouri income tax, the State of Missouri has consented to a refund of any overpayment, including a tax subsequently declared unconstitutional or invalid, if the taxpayers follow the proper procedures for applying for a refund. Section 143.821, RSMo Supp. 1988, requires the taxpayer to file a claim for refund with the Director of Revenue in writing and to state the specific grounds upon which it is founded. Section 143.801.1, RSMo 1986, states that any claim for credit or refund of an overpayment of any tax imposed under the income tax chapter is to be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later; or if no return was filed by the taxpayer, within two years from the time the tax was paid. Since these statutes waive the immunity of the state from suit, they must be strictly construed. Kleban v. Morris,363 Mo. 7, 247 S.W.2d 832, 837 (1952). Any taxpayer seeking a refund in light of the Davis decision must follow the procedural requirements set forth in the statutes for claiming said refund. Furthermore, the Director of Revenue cannot grant any refund claimed beyond the period of limitation set forth in Section 143.801, RSMo 1986. Therefore, in answer to your second question, the State of Missouri must recognize timely income tax refund claims filed by federal civil service and military pensioners.
CONCLUSION
It is the opinion of this office that (1) based on the principles stated in Paul S. Davis v. Michigan Department ofTreasury, No. 87-1020 (U.S. March 28, 1989), taxation of retirement benefits of federal civil service and military retirees under current Missouri income tax statutes is invalid, and (2) the State of Missouri must recognize timely income tax refund claims filed by federal civil service and military pensioners.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] It should be noted that the United States Supreme Court has not issued decisions in two pending cases, AmericanTrucking Association, Inc. v. Smith, No. 88-325 (746 S.W.2d 377, Ark. 1988) and McKesson Corp. v. Division of AlcoholicBeverages and Tobacco, No. 88-192 (524 So.2d 1000, Fla. 1988), in which the Arkansas and Florida Supreme Courts declined to grant refunds to taxpayers for taxes paid pursuant to taxation statutes later declared unconstitutional. However, because the Missouri Supreme Court has already determined in CommunityFederal that taxpayers are entitled to refunds where taxation statutes are declared unconstitutional, these decisions will have no impact on the refunds in the situation about which we are concerned.