Wayne McFARLAND *v.* Bennie TAYLOR

CA 01-585                                            65 S.W.3d 468

Court of Appeals of Arkansas
Division III
Opinion delivered January 23, 2002

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *William I. Prewett*, for appellants.

*Burbank, Dodson & Barker, PLLC*, by: *Gary R. Burbank*, for appellee.

SAM BIRD, Judge. Appellants, Wayne McFarland and Phillip Pittman, are the lessees of mineral rights in land owned by appellee Bennie Taylor and his neighbors in Union County. Since acquiring their leases in 1998, appellants used a road across appellee's land for access to a well that was located on land to the west of appellee's property. In 2000, appellee blocked this road. Rather than use another road, appellants filed suit for an injunction directing appellee to remove the obstruction across the disputed road. After the chancellor refused to issue an injunction, appellants filed this appeal. Because the chancellor did not abuse his discretion in denying appellants' petition for an injunction, we affirm.

After living nearby for about twenty years, appellee purchased this tract of land in 1983 for the purpose of building a house there. Appellee built a house, but it was destroyed by fire before he could occupy it. According to appellee, there were no wells on the adjoining land at that time but that, soon afterward, the oil well to the west was constructed and he gave its operators permission to use his road, which extends from Arkansas Highway 275 to the western boundary of appellee's property. Different oil-well operators used

the road over the next decade. At trial, appellee testified that he gave express permission to use his road to all operators of the well but that he cautioned them that their use could continue only until he withdrew his permission. At some point, another road leading from Highway 15 to the well was built.

In 1998, appellants obtained assignments of the mineral leases and began using the Highway 275 road. Appellee testified at trial that, as before, he gave appellants conditional approval to use this road until he withdrew his permission. Appellants also made some improvements to the Highway 15 road.

In 1997 or 1998, appellee's son and daughter-in-law, Brent and Chelsea Taylor, and their small daughter, moved into a mobile home on appellee's land. Mr. and Mrs. Taylor testified that there is a significant amount of traffic at all hours of the day and night on the Highway 275 road, which is used as their driveway, and that they were concerned about the safety of their three-year-old daughter. Mrs. Taylor also testified that she was worried about her own safety, because her husband works the 3:00 p.m. to 11:00 p.m. shift. Appellants did not dispute that they use the Highway 275 road at night. These concerns prompted appellee to withdraw his permission for appellants to use the Highway 275 road. His blocking of the road prompted appellants to file this lawsuit.

Although appellants testified that the Highway 15 road could not be used as an alternate route without much improvement at great expense, appellee presented evidence to the contrary. Gordon Height, an engineer with the Arkansas Highway and Transportation Department, testified that the Highway 15 road could be adequately improved for between $1,000 and $1,500. Sam Jean, who has twenty-five years' experience in "dirt work" and who has previously worked on the Highway 15 road, testified that he could make that road usable for heavy trucks for no more than $1,500. In his letter opinion, the chancellor stated that he was impressed with Mr. Jean's "experience, his knowledge, and his forthrightness."

The chancellor made the following findings in his letter opinion, which was incorporated in his order denying appellants' petition for an injunction:

> If the issue before me was whether it was reasonable for the [appellants] to use the Highway 275 road once or twice a month for an eighteen wheeler and/or a workover rig, I would have no difficulty in concluding that such a limited amount of use would be

reasonable. However, taking into account the testimony from the July hearing as to the considerable amount of traffic over the road at all hours of the day and night and taking into account that workover rigs will have to visit the well sites in order to make the wells operational and keep them operational, and taking into account that Highway 15 road can be made fully usable for not more than $1,500.00, it is my conclusion that the most reasonable ingress and egress for [appellants] to their oil and gas properties is from Arkansas State Highway 15.

■ Appellants argue on appeal that the chancellor erred in denying their request for an injunction. Generally speaking, the granting or denying of an injunction is a matter within the discretion of the chancellor. *Tri-County Funeral Serv., Inc. v. Eddie Howard Funeral Home, Inc.*, 330 Ark. 789, 957 S.W.2d 694 (1997). This court does not reverse unless there has been a clearly erroneous factual determination or unless the decision is contrary to some rule of equity or the result of an improvident exercise of judicial power. *Id.*; *City Slickers, Inc. v. Douglas*, 73 Ark. App. 64, 40 S.W.3d 805 (2001). The prospect of irreparable harm or the lack of an otherwise adequate remedy is at the foundation of the court's power to issue injunctive relief. *Paccar Fin. Corp. v. Hummel*, 270 Ark. 876, 606 S.W.2d 384 (Ark. App. 1980).

Appellants argue that the chancellor erred in considering whether it would be reasonable to use an alternate route across appellee's land because it was not used as a mobile-home site before appellants began production under their lease. According to appellants, a comparison of the reasonableness of using an alternate route can be made only when there is a preexisting use by the surface owner. Appellee responds that appellants are factually and legally incorrect. We agree with appellee.

■ We are not prepared to hold that, as a matter of law, a mineral owner is always entitled to choose between two or more means of access to the minerals, without regard to necessity or to the harm it may cause the surface owner, if the surface owner's use did not predate the mineral owner's use. The respective rights of mineral and surface owners are well settled. The owner of the minerals has an implied right to go upon the surface to drill wells to his underlying estate, and to occupy so much of the surface beyond the limits of his well as may be necessary to operate his estate and to remove its products. *Diamond Shamrock Corp. v. Phillips*, 256 Ark. 886, 511 S.W.2d 160 (1974). His use of the surface, however, must be reasonable. *Id.* The rights implied in favor of the mineral estate

are to be exercised with due regard for the rights of the surface owner. *See id.* (citing *Getty Oil Co. v. Jones,* 470 S.W.2d 618 (Tex. 1971)).

■ In *Martin v. Dale,* 180 Ark. 321, 21 S.W.2d 428 (1929), the Arkansas Supreme Court made it clear that, in all circumstances, the mineral owner's use must be necessary and the potential harm to the surface owner must be considered:

> It is not questioned that Lenz, as agent for the trustee to whom the lease was given, had the right of access to the lands covered by the lease; but this is a right which arose out of necessity, and not as a matter of convenience. In other words, while the right of entry was implied, this right did not authorize Lenz to enter as he pleased; it was his duty to do so in the manner least injurious to his grantor, and if a means of ingress existed when the lease was taken, and which continued to be available, this entry, and no other, should have been used, although it was not the most convenient.

180 Ark. at 324, 21 S.W.2d at 429.

In any event, appellee demonstrated that the road in question had been used for residential purposes for many years. Appellants have apparently based their argument on the incorrect factual assumption that the Highway 275 road was built as part of the oil and gas operations near appellee's land. Appellee, however, testified that this road has been used for decades as access to a barn and a potato shed. He said that he has been familiar with this land since 1965 and that this road had been used many years before there were any oil wells on the adjacent land. Appellee also testified that, when he bought his land in 1983 for the purpose of building a house there, the road was not being used for access to an oil well. Appellee further stated that appellants and their predecessors had used the Highway 275 road with his permission. He said he had informed them that they could use it until he told them "to quit." Clearly, appellee's testimony would support a finding that this road had been in residential use for many years before the nearby oil production began.

■ Therefore, the chancellor was correct in considering whether it was necessary for appellants to use the Highway 275 road and whether it would be reasonable to require them to use the alternative Highway 15 road. He found that the "most reasonable ingress and egress for [appellants] to their oil and gas properties is

from Arkansas State Highway 15." Generally, what is reasonable is a question of fact. *Salem v. Lane Processing Trust*, 72 Ark. App. 340, 37 S.W.3d 664 (2001). Although we review chancery cases *de novo*, we will not reverse a chancellor's finding of fact unless it is clearly erroneous. *Id.* In light of the testimony credited by the chancellor and discussed in his letter opinion, his finding of fact in this regard is not clearly erroneous.

Based on the evidence presented, we cannot say that the chancellor abused his discretion in denying injunctive relief to appellants.

Affirmed.

PITTMAN and ROAF, JJ., agree.