Edward B. CURRY, M.D.,
Plaintiff–Appellee,

v.

Daniel R. DEL PRIORE, Appellant,

v.

GUAM MEMORIAL HOSPITAL
AUTHORITY (GMHA),
Defendant.

No. 88–2906.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 1991.*

Memorandum Filed May 3, 1991.

Order and Opinion Filed Aug. 8, 1991.

Steele Lanphier, Carmichael, Cal., Gary W. Francis Gumataotao, Agana, Guam, for appellant, Del Priore.

Edward B. Curry, M.D., in pro per.

Ladd A. Baumann, Baumann & Hull, Agana, Guam, for defendant, Guam.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before TANG, SKOPIL and THOMPSON, Circuit Judges.

## ORDER

The request for publication of the memorandum disposition of May 3, 1991 is granted only as it pertains to the issue of jurisdiction. The attached opinion authored by Judge Tang is ordered filed.

TANG, Circuit Judge:

Dr. Edward Curry retained the appellant, attorney Daniel Del Priore, to represent him in a Title VII action, 42 U.S.C. § 2000e–2(a), against Guam Memorial Hospital. Dr. Curry and Del Priore executed a written fee agreement providing for an initial retainer of $10,000, to be supplemented by a percentage of any damages awarded Dr. Curry as a result of the lawsuit. During pretrial discovery, disputes between Dr. Curry and Del Priore led Del Priore to file a motion to withdraw as counsel in the case. Dr. Curry responded by petitioning the court to order Del Priore to return the entire $10,000 retainer. The district court ruled that Del Priore was entitled to keep $8,413.65 of the retainer, but had to refund the remaining $1,586.35 to Dr. Curry. Del Priore appeals. We affirm.

## STANDARD OF REVIEW

Whether the district court possessed subject matter jurisdiction is a question of law we review de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

## DISCUSSION

■ Del Priore argues that the district court lacked subject matter jurisdiction to adjudicate this fee dispute. He notes that Dr. Curry's claim for a refund does not appear anywhere in the complaint, nor were attorney's fees at issue in the Title VII litigation.

■ Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction. Ancillary jurisdiction permits courts to adjudicate matters that arise during the course of an action and affect the court's ability either to render an efficacious judgment or to control the litigation before it.

Ancillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice.

*Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir.1982).

■ Ancillary jurisdiction encompasses motions to withdraw and fee disputes generated thereby. *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir.1980) (per curiam) ("Claims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction...."), *cert. denied*, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir.1978); *see also Novinger v. E.I. DuPont De Nemours & Co.*, 809 F.2d 212, 217 (3d Cir.) (noting that ancillary jurisdiction is "particularly necessary for disputes" involving fees to be paid withdrawing counsel "because they bear directly upon the ability of the court to dispose of cases before it in a fair manner"), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987); *Pay Television v. Sheridan*, 766 F.2d 92, 94 (2d Cir.1985); *Jenkins*, 670 F.2d at 918 ("Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction.") (emphasis omitted); *accord Hall v. Cole*, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973) (federal courts have equitable power to award attorney's fees when justice so requires); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939) (attorney's fees disputes are "supplemental to the original proceeding").

■ The district court's inherent authority to regulate members of its own bar

reinforces the propriety of its exercise of ancillary jurisdiction in this case. *In re Michaelson,* 511 F.2d 882, 888 (9th Cir.), *cert. denied,* 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975); *see also Coffelt v. Shell,* 577 F.2d 30, 32 (8th Cir.1978) (per curiam) (in supervising members of its bar, a district court "has the inherent power to inquire into the amount charged by an attorney in order to protect a client from excessive fees") (citing *Michaelson* ).

The American Bar Association's Model Rules of Professional Conduct and Model Code of Professional Responsibility both counsel against the assessment and collection of unreasonable fees. Model Rules of Professional Conduct Rule 1.5(a) (1989) ("A lawyer's fee shall be reasonable."); Model Code of Professional Responsibility EC 2–17 (1980) ("A lawyer should not charge more than a reasonable fee, for excessive cost of legal service would deter lay[persons] from utilizing the legal system in protection of their rights. Furthermore, an excessive charge abuses the professional relationship between lawyer and client.").

The district court thus appropriately exercised subject matter jurisdiction over this fee dispute. It had ancillary jurisdiction, created by the Title VII litigation and augmented by its inherent authority to regulate fees charged by members of the bar of the District Court of Guam.[1]

AFFIRMED.

---

1. We rejected Del Priore's appeal from the district court's calculation of his fee award in a separate memorandum disposition filed May 3, 1991.