983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sally CASSINO, Plaintiff,
and
Gerard A. Cassino, Plaintiff-Appellant,
Neil J. Hoff, Intervenor-Appellee
v.
REICHHOLD CHEMICAL INC., Defendant.
Gerard A. CASSINO, Plaintiff,
and
Hugh J. McGavick, Intervenor-Appellant
Neil J. Hoff, Intervenor-Appellee
v.
REICHHOLD CHEMICAL, INC. Defendant.
 Nos. 91-35693, 91-35838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Jan. 5, 1993.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerard Cassino, a successful plaintiff in an Age Discrimination in Employment Act ("ADEA") suit, appeals the district court's May 21, 1991 award of attorney's fees under a contingency agreement on the ground that the district court erred by failing to hold a full evidentiary hearing and erred in its calculations of the fee. Hugh McGavick, one of his attorneys and a permissive intervenor in the district court, appeals on the ground that the district court lacked jurisdiction to reconsider the dispute two years after it initially resolved it. We hold that the district court lacked jurisdiction to reconsider the dispute, and we vacate and remand.
 
 
 3
 In July 1988, following a jury trial, Cassino was awarded a judgment against his employer, Reichhold Chemical, Inc., for violations of the ADEA. Cassino previously had signed a contingency fee agreement that covered the work of his three attorneys: McGavick, Neil Hoff, and A'lan Hutchinson.[1]
 
 
 4
 On January 18, 1989, the district court determined that the contingency agreement was reasonable and calculated the total fee due. The court, however, refused to allocate the fee among the attorneys, stating that "this Court does not have the authority, jurisdiction, nor the inclination to become involved" in determining the division of the fee among the attorneys. The court denied McGavick's subsequent motion for reconsideration on February 17, 1989.
 
 
 5
 On February 7, 1991, McGavick and Hoff appeared before Judge Tanner in an unrelated case involving another attorney's fee dispute. Hoff advised Judge Tanner that they still disputed the division of the fee in the Cassino case, and Judge Tanner reopened the case. Following a hearing, Judge Tanner recalculated the total fee due under the agreement and divided it among the attorneys. He entered his order on May 21, 1991, and this appeal followed.
 
 
 6
 McGavick contends, and we agree, that the district court lacked ancillary jurisdiction to reopen the case in 1991, redetermine the amount due under the contingency agreement, and divide the attorney's fee among the attorneys.
 
 
 7
 A federal court has ancillary jurisdiction to review attorney's fee disputes arising from litigation pending before it. See Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir.1991). Ancillary jurisdiction exists to enable the court to dispose of the primary claims effectively and to render "complete justice" in the dispute. Id. (quotation omitted); Sederquist v. Court, 861 F.2d 554, 557 (9th Cir.1988). A district court, however, may not invoke ancillary jurisdiction to consider attorney's fee claims brought in a new action merely because it would have had jurisdiction over those claims in the original action. See Sederquist, 861 F.2d at 557-58.
 
 
 8
 Here, the district court entered its final order resolving the attorney's fee dispute on February 17, 1989. At that time, the court had jurisdiction to consider the fee dispute arising from litigation that had been pending before it. See Curry, 941 F.2d at 731. By February 1991, however, the case had been closed for two years. The district court did not have ancillary jurisdiction to revisit a fee dispute that it previously had ruled upon.
 
 
 9
 Our result is not altered by the district court's initial determination in 1989 that it lacked jurisdiction to divide the fees among the attorneys. A district court's ancillary jurisdiction includes the jurisdiction to determine the division of fees among attorneys. See Venegas v. Skaggs, 867 F.2d 527, 529-31 (9th Cir.1989), aff'd, 495 U.S. 82 (1990); accord Sweeney v. Athens Regional Medical Ctr., 917 F.2d 1560, 1564-65 (11th Cir.1990); Novinger v. E.I. Dupont De Nemours & Co., 809 F.2d 212, 217-18 (3rd Cir.), cert. denied, 481 U.S. 1069 (1987). If, however, the parties wanted to challenge Judge Tanner's failure to divide the fee, they should have appealed the February 17, 1989 order.
 
 
 10
 Finally, even if we construe Hoff's February 7, 1991 oral advisement to the court that the dispute remained unresolved as a motion pursuant to Fed.R.Civ.P. 60(b)(6), we conclude that the district court abused its discretion by granting Rule 60(b) relief. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (abuse of discretion standard).
 
 
 11
 Under Rule 60(b)(6), a party may obtain relief from a final judgment or order at any time for "any other reason justifying relief from the operation of the judgment." A party seeking Rule 60(b) relief must demonstrate "extraordinary circumstances." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). We previously have held that "[p]urported deficiencies in the amount of and procedures for attorneys fee awards clearly do not constitute a circumstance of hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6)." Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir.1989) (quotation omitted).
 
 
 12
 There are no extraordinary circumstances in this case justifying a grant of Rule 60(b) relief. The parties had ample opportunity to litigate their dispute during the district court proceedings in 1989, and they could have filed an appeal from the district court's February 17, 1989 final order. Judgments, like other human endeavors, must at some time be laid to rest.
 
 
 13
 Accordingly, we hold that the district court abused its discretion by reconsidering the fee dispute. We vacate the district court's May 21, 1991 judgment, and we remand for proceedings consistent with this decision.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-6
 
 
 [1]
 Reichhold Chemical, Inc. and Hutchinson are not parties to this appeal