FILED

**NOT FOR PUBLICATION**

JUN 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KALINI BOYKIN; VALERIE BROWN;
RICK GONZALES; CYNTHIA
GUERRERO; RACHEL HUTCHINS;
DERRICK SATCHELL; DANIEL
SHERMAN; KELVIN SMITH, Sr.; KEN
STEVENSON,

Plaintiffs - Appellees,

v.

WAUKEEN Q. MCCOY,

Appellant,

FEDEX EXPRESS, a Delaware
corporation,

Defendant.

No. 08-15904

D.C. Nos. 3:03-CV-02659-SI
3:03-CV-02878-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Waukeen McCoy appeals from the district court's order holding that he was not entitled to contingency fees from the impending settlement of Appellees' individual claims against FedEx. We affirm.

We review *de novo* a district court's jurisdiction to decide a dispute regarding attorney's fees. *See Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991). The court's decision to deny attorney's fees is reviewed for an abuse of discretion. *See Lane v. Residential Funding Corp.*, 323 F.3d 739, 742 (9th Cir. 2003). However, any element of legal analysis that figures into the court's decision to deny fees is reviewed *de novo*. *See Siegel v. Federal Home Loan Mortgage Corp.* 143 F.3d 525, 528 (9th Cir. 1998); *see also LaMantia v. Voluntary Plan Admins. Inc.*, 401 F.3d 1114, 1118 (9th Cir. 2005) ("We review *de novo* the interpretation and meaning of contract provisions.").

The district court properly exercised its ancillary jurisdiction to resolve the fee dispute between McCoy and Appellees. "Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction." *Curry*, 941 F.2d at 731. District courts have ancillary jurisdiction over such disputes even though they regularly implicate questions of state law. *See Curry*, 941 F.2d 730–31; *Novinger v. Lesonal-Werke*, 809 F.2d 212, 217–18 (3rd Cir. 1987). In this case, the dispute concerning

McCoy's fees was closely related to "the court's ability either to render an efficacious judgment or to control the litigation before it." *Curry*, 941 F.2d at 731. The dispute concerning McCoy's fees was an impediment to settlement of the individual claims. Also, that dispute was ripe for resolution. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 668–72 (9th Cir. 2005).

The district court did not deny McCoy procedural protections. Courts regularly adjudicate attorney fee disputes on the basis of motions or petitions, without requiring separate pleadings. *See Curry*, 941 F.2d at 731 (the client petitioned the court to order return of the retainer fee after the lawyer filed a motion to withdraw as counsel); *Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976) (plaintiff moved for award of attorney fees). Also, McCoy had every opportunity to file an answer to Appellees' motion, raise counterclaims, or conduct discovery. Appellees' initial motion for relief gave McCoy clear notice of their claims and more than four months elapsed between Appellees' initial motion and the district court's order granting relief. During that time, McCoy filed two briefs with the court, but did not once seek discovery or assert counterclaims, such as the *quantum meruit* claim he now raises for the first time on appeal. Finally, the district court was not required to hold an evidentiary hearing before deciding the attorney fee dispute. *See Sablan v. Dept. of Finance of N. Mariana Islands*, 856

3

F.2d 1317, 1322 (9th Cir. 1988) (holding that evidentiary hearing is not required before the district court decides whether a party is a "prevailing party" for purposes of awarding attorney fees); *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983) (no hearing necessary before determining amount of attorney fees award).

The district court properly concluded that the Attorney Representation Agreement ("ARA") supercedes any prior fee agreement entered into by the individual Appellees with McCoy. The ARA "replaces all prior attorney representation agreements . . . with respect to race discrimination." All of the Appellees' individual claims arose from race discrimination. McCoy therefore cannot claim contingency fees from the individual representation agreements, which are unambiguously superceded by the ARA. Because the ARA is not "reasonably susceptible" to the interpretation urged by McCoy, even in light of the extrinsic evidence offered by McCoy, the district court did not err in rejecting that extrinsic evidence. *See Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1350 (Cal. App. 2004). Even if McCoy's *quantum meruit* argument had merit (which we do not decide), it is waived because he failed to raise it in the district court below. *See Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985).

This court issued an order on April 6, 2009, disposing in part of McCoy's motion to strike portions of the record and Appellees' cross-motion to supplement

4

the record and request for judicial notice. As to the remaining requests, we grant McCoy's motion to strike SER 210–19 and 279–327, but deny McCoy's motion to strike SER 272–78, because Appellees' initial motion for relief relates to McCoy's argument that he did not have notice of Appellees' claims. We deny Appellees' cross-motion to supplement the record and request for judicial notice.

AFFIRMED.