**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK SATCHELL, | No. 10-15197 |
| Plaintiff, | D.C. Nos.   3:03-cv-02659-SI |
| and | 3:03-cv-02878-SI |
| WAUKEEN Q. MCCOY, | MEMORANDUM* |
| Appellant, | |
| v. | |
| GUY B. WALLACE, | |
| Appellee, | |
| and | |
| FEDEX EXPRESS, a Delaware corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 12, 2011
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and JONES, Chief District Judge.**

Appellant Waukeen Q. McCoy, Esq., appeals the district court's order granting the law firm of Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") attorneys' fees and costs of $46,605.87 for a motion for declaratory relief that Schneider Wallace had filed against him and won.

## I.

The district court did not err in its interpretation of the Attorney Representation Agreement (ARA) and Co-Counsel Agreement. First, we held on a prior appeal that the district court had properly concluded that the ARA had superseded any prior fee agreement that McCoy and the class representatives may have entered into. *Boykin v. McCoy*, 384 F. App'x 579, 582 (9th Cir. 2010). Therefore, pursuant to the ARA, McCoy was not entitled to an additional 40% contingency fee from the class representatives.

Second, paragraph 14 of the Co-Counsel Agreement specifically states that the "prevailing party in any dispute arising out of [the Co-Counsel Agreement]

***

** The Honorable Robert Clive Jones, Chief District Judge for the U.S. District Court for Nevada, Reno, sitting by designation.

shall be entitled to reasonable fees and costs incurred in the proceeding." The present dispute concerns paragraph 9 of the Co-Counsel Agreement. The class representatives were the prevailing party and, pursuant to the Co-Counsel Agreement, were entitled to reasonable fees and costs incurred during the declaratory relief proceedings.

## II.

"[A] party may 'incur' attorney fees even if the party is not personally obligated to pay such fees." *Lolley v. Campbell*, 48 P.3d 1128, 1131 (Cal. 2002). The district court did not err in finding that Schneider Wallace was representing the class representatives in the motion for a declaratory judgment. Even if the class representatives were not obligated to pay for Schneider Wallace's representation during those proceedings, they still incurred attorneys' fees. Moreover, as the prevailing party, the class representatives were entitled to seek and receive fees for their attorneys at Schneider Wallace. Accordingly, the district court did not err in awarding attorneys' fees to Schneider Wallace.

## III.

The district court did not err by finding that the class representatives were third-party beneficiaries to the Co-Counsel Agreement. Here, the Co-Counsel Agreement expressly identified the class representatives. Paragraph 9 makes it

3

clear that class counsel intended to benefit the class representatives by explicitly limiting the fees that the class representatives would have to pay to class counsel. Thus, pursuant to California Civil Code section 1559, they were able to enforce the agreement through a motion for declaratory relief. *See Balsam v. Tucows, Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010).

## IV.

Because McCoy had an opportunity to address the third-party beneficiary argument, both by raising the argument in his opposition and then readdressing it in his motion for reconsideration, the district court did not violate his due process rights. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003).

## V.

The district court correctly found that McCoy had never raised any objections "to the rates sought or hours expended." Instead of providing specific evidence to challenge Schneider Wallace's hours and rates, McCoy made general arguments that Schneider Wallace was not entitled to any attorneys' fees. Therefore, the district court did not err in finding that McCoy did not meet his "burden of providing specific evidence challenging the accuracy or reasonableness" of Schneider Wallace's attorneys' fees. *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995).

4

**AFFIRMED.**