**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABBY RIOS, | No. 20-15581 |
| Plaintiff-Appellee, | D.C. No. 2:11-cv-01592-KJD-GWF |
| v. | |
| LIBORIUS IHECHERE AGWARA, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| WALMART INC., | |
| Defendant. | |

| | |
|---|---|
| ABBY RIOS, | No. 20-15701 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01592-KJD-GWF |
| v. | |
| LIBORIUS AGWARA, Esquire, | |
| Appellee, | |
| and | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WALMART INC.,

        Defendant.

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 16, 2022
Las Vegas, Nevada

Before: KLEINFELD, D.M. FISHER,[**] and BENNETT, Circuit Judges.

Liborius I. Agwara appeals, and his former client Abby Rios cross-appeals, two orders of the federal district court. The first order, entered on September 18, 2019, granted Rios's motion to adjudicate Agwara's attorney lien, denied Agwara's motion to remand his interpleader action to state court, and granted Rios's motion to dismiss the interpleader. The second order, entered on March 2, 2020, adjudicated Agwara's lien and awarded him $26,400.28. We have jurisdiction under 28 U.S.C. § 1291. While we reverse in part, we fully affirm the $26,400.28 award in favor of Agwara, and our partial reversal does not affect that affirmance.

We review conclusions of law *de novo*. *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We "must accept the lower court's findings of fact unless [we are] left with the definite and firm

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2

conviction that a mistake has been committed." *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001). "The district court has a great deal of discretion in determining the reasonableness of the [attorney's] fee and, as a general rule, we defer to its determination . . . regarding the reasonableness of the hours claimed . . . ." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (citation omitted) (internal quotations omitted). "A district court's decision whether to retain jurisdiction over supplemental claims once the original federal claims have been dismissed is reviewed for abuse of discretion." *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004).

Agwara appeals from the district court's adjudication of the interpleader action, but his appeal is untimely. Excluding exceptions that do not apply here, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

> Though . . . the statutory or decisional law authorizing the fees might sometimes treat the fees as part of the merits, . . . considerations of "operational consistency and predictability in the overall application of § 1291" favor[] a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final."

*Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 184 (2014) (citation omitted).

Here, the district court's September 18, 2019 order was final under § 1291 because the order resolved all outstanding issues except for the amount of fees to be

3

awarded to Agwara. Because Agwara filed the notice of appeal on April 1, 2020, more than 30 days after September 18, 2019, his appeal was untimely as to that order. But his April 1, 2020 appeal was timely as to the March 2, 2020 order, which determined the amount of the fee award. In these circumstances, we believe we must address the merits of the September 18, 2019 order, because if the district court lacked jurisdiction, as Agwara argues, then the March 2, 2020 order is necessarily void.

The district court lacked removal jurisdiction over the interpleader brought by Agwara in Nevada state court. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant." 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("[T]o remove [pursuant to § 1441(a)] . . . , petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts."). Because the interpleader action brought in state court implicated no federal questions and presented no diversity of citizenship, Rios's removal of the state action was invalid. Because the state action could not have been removed, the district court's September 18, 2019 order erred in denying Agwara's motion to remand the interpleader to state court and in granting Rios's motion to dismiss Agwara's interpleader action.

But the district court had supplemental jurisdiction over Agwara's lien. "[I]n

any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Here, the district court had original jurisdiction over Rios's slip-and-fall action against Wal-Mart Stores, Inc., and the accompanying fee dispute was an action "related to claims in the action within such original jurisdiction." *Id*. The district court found that it had jurisdiction over the lien because it had "ancillary jurisdiction over fee disputes generated by an attorney's withdrawal," citing *Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991); *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("[D]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction.") (citation omitted).[1] The fee dispute here arose from Rios replacing Agwara with Black & LoBello ("B&L").

The district court's exercise of supplemental jurisdiction over Agwara's lien was not an abuse of discretion. "[I]f . . . state issues substantially predominate, whether in terms . . . of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left

---

[1] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) ("[T]he supplemental jurisdiction statute . . . combines the doctrines of pendent and ancillary jurisdiction under a common heading.") (citing 28 U.S.C. § 1367).

for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966); 28 U.S.C. § 1367(c).  Although needless decisions of state law should be avoided, this fee dispute stems from Agwara's work on the personal injury case brought by Rios against Wal-Mart adjudicated in the district court.  And no "novel or complex issue[s] of State law," 28 U.S.C. § 1367(c)(1), are involved here. Thus, the district court did not err by granting Rios's motion to adjudicate the lien.[2]

The district court's award of $17,100 in fees and $9,300.28 in costs to Agwara was not an abuse of discretion.  "[C]ourts must . . . calculate a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate"; the lodestar amount is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).  Agwara conceded that he did not keep hourly records.  Agwara also failed to substantiate his $395 hourly rate at the evidentiary hearing before the district court.  Thus, the district court relied on "the docket and testimony provided at the evidentiary hearing to determine a reasonable number of hours spent in the prosecution of [Rios's] claims."

---

[2] Even if Agwara's appeal were timely as to the September 18, 2019 order, that would not affect the outcome.  That order denied Agwara's motion to remand his interpleader to state court, granted Rios's motion to dismiss the interpleader, and granted Rios's motion to adjudicate Agwara's lien.  As we have already determined, while the interpleader action was never properly removed, the district court did have supplemental jurisdiction over Agwara's lien. Thus, even if we determined that Agwara's appeal of the September 18, 2019 order were timely, we would still be where we are now—deciding whether the district court abused its discretion in arriving at its fee award.

6

The district court also relied on its own familiarity with the case, which it had presided over since its inception. The district court also started with an hourly rate of $250, the "accepted billing rate for associates in this district," and adjusted upward to a rate of $300 per hour for all hours worked, because Agwara failed to specify the hours he personally worked on the case.

Agwara also argues that Rios's counsel should be sanctioned for three reasons. First, Agwara claims Rios's counsel paid Agwara's former employee to "assist[] in stealing Rios away from Agwara" as a client. Second, Agwara claims Rios's counsel has a conflict of interest because it is a co-defendant with Rios in the interpleader action. Finally,

> B&L should have been at the bottom of the lien ladder, as it had no lien, which would have benefited Rios. However, by insisting that its retainer agreement with Rios was sufficient and a lien was not necessary, B&L put its interest before Rios', and in spite of Agwara's protestations, the district court took no actions against B&L.

Even if these allegations were true, and we make no such finding, they are not adequate grounds for concluding that the district court abused its discretion regarding sanctions. While various statutes and rules provide for sanctions,[3] a court's inherent power to sanction is "governed not by rule or statute but by the

---

[3] *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs . . . incurred because of such conduct.").

7

control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted) (internal quotations omitted). This power also "ought to be exercised with great caution." *Id.* (citation omitted) (internal quotations omitted). The bases on which Agwara urges sanctions have little or nothing to do with the orderly and expeditious disposition of this case. Agwara also never moved to disqualify Rios's counsel. *See Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.") (citation omitted) (internal quotations omitted).

As to arguments brought on cross-appeal, Rios argues that the appeal is invalid because Agwara "is improperly identified as the party in interest as to the fees," because Rios hired Agwara's firm, not Agwara the individual. But Agwara's law firm was a sole proprietorship owned by Agwara. Rios does not dispute that the firm was owned by Agwara. "[Appellant] may proceed *pro se* because he is [the] sole proprietor." *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (citing *Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007) ("[A] sole proprietorship has no legal existence apart from its owner, and . . . an individual owner may represent his sole proprietorship in a *pro se*

8

capacity.")). Thus, Agwara is the proper appellant, and we reject Rios's challenge.[4]

Rios also argues that Agwara should be awarded no fees because the district court "d[id] not have the substantial evidence necessary to support any award of fees." But as we noted, the district court relied on its own familiarity with the case. While it is true that Agwara failed to keep hourly records, the district court heard testimony and examined the docket to create an itemized list of work that Agwara performed for Rios, such as the work involved in surviving a summary judgment motion. Thus, we reject Rios's contention that the district court lacked the evidence required to justify *any* award of fees to Agwara. As we discussed, the district court did not abuse its discretion in making its award.

We thus reverse the district court's denial of Agwara's motion to remand the interpleader action and its grant of Rios's motion to dismiss the interpleader. But we affirm the district court's adjudication of Agwara's lien and its fee award of $26,400.28 to Agwara.

**AFFIRMED IN PART AND REVERSED IN PART.[5]**

---

[4] Rios makes two other arguments that depend on this Court holding that Agwara is not the proper appellant: (1) Agwara's law firm may not represent itself pro se, and (2) Agwara could not file the Notice of Appeal on behalf of his firm while suspended from the practice of law. Because we hold that Agwara is the proper appellant, we need not address these arguments.

[5] Each party shall bear its own costs on appeal, and neither party shall recover attorneys' fees on appeal.